Williams v. Hudson.

WILLIAMS *et al.* v. HUDSON *et al.*, *Appellants.*

1. **Judgment**: DEAD PERSON. A judgment in a suit commenced and prosecuted against a dead man is void as to him.

2. ——. Such judgment will not, however, on that account, be void as to the living defendants.

3. **Back Taxes, Action for**: CESTUI QUE TRUST NOT MADE PARTY. The rights of the *cestui que trust* in a deed of trust, who is not made a party to a suit for back taxes, will not be affected by foreclosure of the tax lien.

4. **Tax Lien.** A tax lien, whether prior in point of time or not, to a deed of trust, is the superior lien.

5. **Back Taxes, Action for**: PARTIES. One who purchases land under a judgment for back taxes, the *cestui que trust* in a deed of trust on the land not having been made a defendant in the suit, stands in the position of one having purchased under the foreclosure of a senior mortgage, where the junior mortgagee was not made a party to the foreclosure suit.

6. —— : ——. The *cestui que trust*, or the person claiming under him, may redeem the land from the tax sale, but the sale is not void and will not be set aside except on offer to redeem.

7. ——— : ORDER OF PUBLICATION. The fact that in a suit for back taxes, the order of publication, which was otherwise correct, omitted to name one of the years for which the taxes were due, and suit was brought, will not, in a collateral proceeding, affect the judgment.

*Appeal from St. Louis City Circuit Court.*—HON. AMOS M. THAYER, Judge.

REVERSED.

*M. Hilton* for appellants.

(1) A void judgment can cast no cloud upon title; nor can a sheriff's deed thereunder. Hence, if the tax-judgment, sale and deeds complained of are void, as in the bill alleged, plaintiffs were not entitled to a decree. *Holland v. Johnson,* 80 Mo. 34–39 ; *Railroad v. Reynolds,* 89 Mo. 146 ; *Janey v. Spedden,* 38 Mo. 396. (2) Where one or more defendants, against whom a judgment has been rendered, were dead at the beginning of the suit, the judgment is valid as to the living, though void as against the dead, and possibly erroneous and reversible as to all. *Lenox v. Clark,* 52 Mo. 115 ; *Weil v. Simmons,* 66 Mo. 617 ; *Holland v. Johnson,* 80 Mo. 34–39. (3) The failure to include the year 1879 in the order of publication, in the tax suit, was immaterial. It clearly stated the general object and nature of the petition, and was in full compliance with the statute. R. S., secs. 3494–3496 ; *Goldsworthy v. Thompson,* 87 Mo. 233 ; *Freeman v. Thompson,* 53 Mo. 183 ; *Holland v. Adair,* 55 Mo. 40 ; *Wellshear v. Kelly,* 69 Mo. 343. (4) The evidence shows that if plaintiffs have any right of action against the defendants herein, it is to enforce the equitable right to pay off the tax judgment and redeem the land, and thus assert their title under the deed of trust. *Stafford v. Fizer,* 82 Mo. 393 ; *Cowell v. Gray,* 85 Mo. 169.

*E. T. Farish* for respondents.

(1) The judgment and the sheriff's deed, under which defendants claim, is void, for the reason that both Alexis O. Bougher and John Crapster, made co-defendants in the tax suit, were dead when said suit was instituted, and as held in *Bollinger v. Chouteau*, 20 Mo. 89 : "A judgment of foreclosure against one who was dead at the commencement of the suit is void." It is different if jurisdiction be obtained over the defendant in his lifetime. In such cases a judgment rendered against him subsequently to his death is not void. Freeman on Judgments ; 12 Mo. App. 498. But as they were both dead, and the representatives of these dead men were not made parties, it is too plain for discussion that the rights of the personal representatives of Bougher and Crapster were not affected by the tax suit. *Gitchell v. Kreidler*, 12 Mo. App. 498 ; s. c., 84 Mo. 472 ; *Gitchell v. Messmer*, 87 Mo. 131. And their rights, as embodied in the deed of trust as aforesaid, have, by a sale duly made, been vested in the plaintiffs, who, as against the defendants, whose only claim is by virtue of the tax sale, hold a good title to the land in controversy. (2) The tax title of defendants is invalid because of the omission of the taxes for the year 1879 in the order of publication. As to the taxes of 1879, as to which no notice of publication was given, the judgment was clearly void, and being void in part was void in whole. *State ex rel. v. Staley*, 76 Mo. 158. (3) It is clear that the right of this case is with the plaintiffs and that the defendants have no valid title to the property in question. Because of the defect in defendants' deed, under which they claim title, requiring extrinsic evidence to show its invalidity, it became necessary to invoke the equity powers of the court, and in such case a suit to remove a cloud from the title was the

proper proceeding. Pom. Eq. Jur., secs. 1308, 1309; *Clark v. Ins. Co.*, 52 Mo. 272; *Keane v. Kyne*, 66 Mo. 216; *Manufacturing Co. v. Donovan*, 14 Mo. App. 591. (4) The plaintiffs were not restricted to an action to redeem, but were at liberty to bring suit to remove a cloud upon their title. In the tax suit the owners of the property were not made parties, or were not properly before the court, and they, therefore, stand in the attitude of strangers to such proceeding, and their rights of property in the land were in no way affected thereby. *State ex rel. v. Clymer*, 81 Mo. 122.

BLACK, J.—This was a suit in equity to remove a cloud from the plaintiffs' title to the described premises.

The evidence discloses the following facts: On the second of October, 1871, John F. O'Brien, being the owner of the property in question, conveyed the same to Luther Babcock in trust to secure a note of two thousand dollars, payable to Alexis O. Bougher, and two notes of four hundred dollars each, payable to John Crapster. John F. O'Brien died testate, and John O'Brien and Michael O'Brien are the devisees of the property. Thereafter, and in May, 1881, a suit was commenced in the St. Louis circuit court, in the name of the state at the relation of the collector, against the above-named devisees of John F. O'Brien, the above-named beneficiaries in the deed of trust, and the trustee, to foreclose the lien of the state for taxes on the property for the years 1869 to 1879, both inclusive. Judgment was rendered on the twenty-second of March, 1882, and, by virtue of an execution issued thereon, the sheriff sold the property to Tanner in June, 1882, who conveyed the same to one of the defendants. In this tax suit, Babcock, the trustee, was personally served with summons, the devisees under the will of John F. O'Brien, and the beneficiaries in the deed of trust were notified by publication, but both of the beneficiaries were dead when the

suit was commenced. Afterwards, and in July, 1882, Farish, as substituted trustee in the deed of trust, sold the property to the plaintiffs, who are now in possession of the premises. It is the tax judgment and deed made thereunder which plaintiffs say is a cloud upon their title, and which they ask to have removed.

As the representatives of Bougher and Crapster were not made defendants in the tax suit, and as Bougher and Crapster were dead when that suit was commenced, the judgment, as to them and their representatives, is void. Had they died after suit commenced and service of process upon them, another question would be presented; but a suit commenced and prosecuted against a dead man gives the court no authority to enter judgment against him; the judgment is void as to him. *Bollinger v. Chouteau*, 20 Mo. 89. The trustee, it is true, was a party to the suit, but we have held that, in foreclosing these tax liens, it is not sufficient to make the trustee alone a defendant. The beneficiaries in the deed of trust, the persons holding and owning the debt thereby secured, must be made defendants. If this is not done, their rights are not affected by the judgment foreclosing the tax lien. *Corrigan v. Bell*, 73 Mo. 53; *Stafford v. Fizer*, 82 Mo. 393; *Gitchell v. Kreidler*, 84 Mo. 474.

It is, therefore, clear that the deed of trust was not foreclosed by the judgment in the tax suit. But because the judgment is void as to the beneficiaries in the deed of trust, void as to two of the defendants, it does not follow that it is void as to the others. Where there was a money judgment against two persons, one of whom was served, and the other was not, it was held, in a collateral proceeding, that the judgment was erroneous, but not void, as to the defendant served. *Lenox v. Clarke*, 52 Mo. 115. If that is true in the case of a money judgment, with much stronger reason should it be true when the judgment is not, and does not profess

to be, a personal one, but simply a judgment against the property. So, in this case, the judgment as to the devisees of O'Brien is not void, nor is it voidable, in a proceeding like this, simply because void as to the beneficiaries in the deed of trust.

The judgment is, then, valid as to the devisees who were the owners of the property. Under the authorities before cited, and the case of *Allen v. McCabe, ante*, p. 138, the purchaser at the execution sale acquired the interest of the devisees, and that, too, by the enforcement of the tax liens, which, whether prior in point of time or not, are superior to the lien of the deed of trust. The purchaser at the execution sale and his vendee stand in the position of one having purchased under a foreclosure of a senior mortgage, the junior mortgagee not having been made a party to the suit. The plaintiffs in this case being the purchasers under the unforeclosed deed of trust, may redeem from the tax sale, but that sale is not void, and will not be set aside, for no offer to redeem is made in this suit.

It is further insisted that the judgment is void as to all the defendants, because of the insufficiency of the order of publication. The suit, as before stated, was for the delinquent taxes for the years 1869 to 1879, both inclusive, the amount due being alleged, in the petition, to be $767.65 ; and it was for these years, and this amount, with interest and costs, that judgment was rendered. The order of publication notified the defendants that the object of the suit was "to enforce the lien of the state of Missouri for the delinquent taxes of the years 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, and 1878, amounting, in the aggregate, to the sum of seven hundred and sixty-seven dollars and sixty-five and five-tenths cents, upon the following-described real estate," and then described the real estate as set forth in the petition. The omission of the year 1879 does not invalidate

Spurlock v. The Mo. Pac. Ry. Co.

the notice. The statute requires the notice to state briefly the object and general nature of the petition. Here the amount sued for is correctly stated, the premises are described, and the omission of the one year can make no difference in this suit. *Freeman v. Thompson*, 53 Mo. 189. What might have been the conclusion had that judgment been brought here by appeal, or writ of error, we do not stop to inquire.

The judgment in this case is reversed, and the suit is dismissed for want of equity. All concur.