Rodney v. McLaughlin.

RODNEY v. McLAUGHLIN *et al.*, *Appellants.*

1. **Title to Land:** CASE ADJUDGED. The evidence in this case examined and held to show that plaintiff has a perfect title to the undivided one-half of the land in suit.

2. **Will:** EVIDENCE. The probate of a will is a judicial proceeding, and in order to use it and the judgment by which it is proved as evidence, the statute does not require that the will should be recorded in the recorder's office.

3. ————: ————: PRACTICE. A party to an action of ejectment cannot complain of the introduction of a will in evidence where his title is not affected by it and he is in no way prejudiced thereby.

4. **Practice:** EVIDENCE. The admission in evidence of certificates of marriage, baptism and burial, without laying sufficient foundation for it, will not constitute reversible error, where the facts shown by them are fully established by other testimony, and are not controverted.

5. **Tenants in Common:** ADVERSE POSSESSION: PRESUMPTION. The presumption is that an entry and possession by one tenant in common is not adverse to the co-tenant, but that his possession is in support of the common title.

6. ————:.————. To make such possession adverse, there must be outward acts of exclusive ownership of an unequivocal character. The mere payment of the rent by a collecting-agent to one of the tenants in common does not tend to show an adverse holding by the tenant to whom the rent is paid.

7. **Practice:** INSTRUCTIONS. It is not error to refuse an instruction when there is no evidence upon which to base it.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Cecil V. Scott* for appellants.

(1) The trial court erred in admitting the certificates of marriage, death and burial. They were not supported by sufficient proof. (2) The trial court erred in excluding the partition proceedings and the deeds thereunder vesting the title in defendant Baum. (3) The court erred in admitting the will of Julia A. Rodney over the objection of defendants. Said will not having been recorded in the city of St. Louis, where the property in question was situate, was not admissible in this action. R. S. 1879, sec. 3891; *Thornton v. Miskim-mon,* 48 Mo. 219; *Youngblood v. Vastine,* 46 Mo. 239.

*Wilson Cramer* for respondent.

Elizabeth C. Reily and her son James E. Reily, being tenants in common, her possession was presumptively his possession. *Warfield v. Lindell,* 30 Mo. 273; *Rozier v. Johnson,* 35 Mo. 326; *Warfield v. Lindell,* 38 Mo. 561; *Shaw v. Gregoire,* 41 Mo. 410; *Lapeyre v. Paul,* 47 Mo. 590; *Long v. Stapp,* 49 Mo. 506; *Burke v. Adams,* 80 Mo. 504; *Campbell v. Laclede Gas Co.,* 84 Mo. 374.

BLACK, J.—This is an action of ejectment for the undivided half of a parcel of land in St. Louis, having a front of thirty feet on Eighth street. Baum, the landlord of the other defendants, was made a defendant on his own motion.

Both parties trace title to James I. Reily, who died testate in the year 1865. He devised the property in suit to his daughter, May Jane Reily. The will was duly probated in St. Louis. May Jane Reily died in April, 1870, intestate. She left as her only heirs, her

mother, Elizabeth C. Reily, and brother, James E. Reily, widow and son of James I. Reily, deceased, who therefore inherited the property in equal parts.

James E. Reily died in December, 1870, leaving a wife, Julia A. Reily, and one infant child, named May Jane. He left a will, but it makes no disposition of his interest in this property; so that it descended to his daughter, May Jane Reily. Thereafter, and in April, 1871, this daughter died, leaving as her sole heir her mother, Julia A. Reily. Julia A. married the plaintiff, Charles E. Rodney, in 1873, and died in October, 1876, testate. By her will she made her husband residuary devisee, and under this clause of the will he acquired the one-half interest in the property in dispute.

Elizabeth C. Reily died testate in March, 1879, and her interest in this property became subject to the residuary clause in her will, by which she devised the remainder of her estate to the heirs-at-law of her deceased husband, James I. Reily; but at that date his children and their descendants were all dead, so that this one-half interest went to his collateral kindred. These collateral heirs brought a suit for a partition in 1880, to which the plaintiff was not a party, which resulted in a sale of the property to Stortz in 1881. He conveyed to defendant Baum.

From this history of the case, it will be seen that plaintiff has a perfect title to the undivided one-half of the land in suit; and it remains to dispose of the objections made to the proofs by which that title is shown.

As the will of James E. Reily has no residuary clause, and does not mention this property, it is of no importance in this case. As to this property, he died intestate; so that the objections made to that will need not be considered, for the title is the same, whether the will is in or out of the case.

The will of Julia A. Rodney, the wife of plaintiff,

and formerly the wife of James E. Reily, was duly probated in Cape Girardeau county, where she died, owning a mansion house, on the twentieth of October, 1876. This will was not recorded in the city of St. Louis, until after the commencement of this suit, in 1885 ; and for this reason, the defendant insists that the copy of the will and probate thereof should have been excluded and not received as evidence. This objection is founded upon section 3991, Revised Statutes, 1879, which provides : "In all cases where lands are devised by last will, a copy of such will shall be recorded in the recorder's office in the county where the land is situated, and if lands are situated in different counties, then a copy of such will shall be recorded in the recorder's office of each county within six months after probate." This section does not say what shall be the effect of a failure to record the will in the recorder's office.

The statute declares that all wills shall be recorded by the clerk of the probate court ( sec. 3988 ). By the two following sections it is provided that every will duly proved, recorded and certified by the clerk of the court, and attested by his seal of office, may be read in evidence, without further proof. The record of any will thus proved and recorded, and an exemplification of such record, "shall be received as evidence, and shall be as effectual, in all cases, as the original," etc. The record of the will and proof, and the exemplification thereof, thus made evidence, is the record which the probate clerk is required to make. The admission of such copy is not conditioned upon the fact that the will has been recorded in the office of the recorder of deeds. The probate of a will, under our law, is a judicial proceeding, and in order to use the will and the judgment by which it is proved as evidence, it is not necessary that the will should be recorded in the recorder's office. We place the ruling in this case on

the distinct ground that the statutes do not require a will to be recorded in the recorder's office as a condition precedent to the use of it as evidence.

Counsel for the appellant insist that the section of the statute before quoted means something, and that its object is to require persons to spread their muniments of title upon the records of the court where the land is located, so as to impart notice to purchasers; and that a will, not recorded in the recorder's office, should stand on no better footing than an unrecorded deed, and especially so, where the land is in a county different from that in which the will is probated. There is much force in this position, notwithstanding this statute does not, as does the statute relating to the registry of deeds, say what shall be the effect of a failure to record the instrument in the recorder's office. The question is an important one, and would be decided, if necessary to a disposition of this case, but we think it is not, and for these reasons: At the time of the death of Julia A. Rodney, the title to the one-half of this property was in her. She had no child or descendant of such child. Had she died intestate the property would have passed to her collateral kindred, and not to Elizabeth C. Reily, through whom the defendant claims. The will therefore has nothing to do with defendant's title. Its production cuts him out of nothing. Had Rodney and his wife made a deed to a third person to the one-half of this property, that deed would have conveyed the title as against this defendant, though not recorded. It matters not, therefore, that the will was not recorded in St. Louis, in any view of the case; for the defendant, with the will in or out of the evidence, has not acquired this one-half interest.

Some certificates of marriage, baptism and burial were read in evidence, over the objections of defendant; but the facts shown by them were fully established by other testimony, and we do not understand these facts

to be controverted, so that the case should not be reversed, even though not sufficient foundation was laid for admitting the certificates.

The only evidence of adverse possession is that of Mr. Tiernan, who states that, as a real estate agent, he collected the rents on this property from 1872 to 1881; that he paid the rents to Mrs. Elizabeth C. Reily, during her lifetime, and afterwards to her estate; that he never knew any other owner of the property; and that he never paid any rents to the widow of James E. Reily, or to the plaintiff. During 1872, and to October, 1876, Mrs. Elizabeth C. Reily and Julia Reily were tenants in common. The presumption is that an entry and possession by one tenant in common is not adverse to the co-tenant, but that the possession is in support of the common title. *Warfield v. Lindell*, 30 Mo. 272. To make the possession adverse there must be outward acts of exclusive ownership of an unequivocal character. *Lapeyre v. Paul*, 47 Mo. 586. The mere payment of the rent by a collecting agent to one of the tenants in common does not tend to show an adverse holding by the tenant to whom the rent is paid. The court did not, therefore, err in refusing to instruct upon the statute of limitations. There was no evidence to justify the giving of instructions upon that subject.

The other points made by the appellant are equally untenable, and the judgment is affirmed. RAY, J., absent; the other judges concur.