Crosley v. Hutton.

---

CROSLEY *et al.* v. HUTTON *et al.*, *Appellants.*

Practice: JUDGMENT. A judgment in a suit begun and prosecuted against a dead man is void as to him and those claiming under him.

*Appeal from Vernon Circuit Court.*—HON. CHAS. G. BURTON, JUDGE.

AFFIRMED.

*G. S. Hoss* for appellants.

*T. J. Meyers* for respondents.

RAY, C. J.—This is an action of ejectment for the lands described, the petition being in the statutory form, and the answer one of general denial. The case is here on an agreed record, from which it appears, among other things, that the plaintiffs are the sole heirs-at-law of one Henry Crosley, who is the common source of title, and who died intestate in the year 1875. Defendants read in evidence a tax deed from the sheriff of Vernon county (under proceedings commenced in 1878) and which is conceded to be in due form and good on its face.

It is conceded and agreed, and the court so found, that the defendant Henry Crosley, against whom the tax suit was brought, and against whom judgment was rendered therein, and under whom defendants claim title, was dead at the time the said tax suit was brought and for that reason among others, the court held that said judgment was a nullity and gave judgment accordingly for plaintiffs. This is a sufficient statement of the case. It is well settled that judgment in a suit begun, and prosecuted against a dead man, is void as to him, and those claiming under him. *Williams v. Hudson,* 93 Mo. 524; *Bollinger v. Chouteau,* 20 Mo. 89. It is therefore unnecessary to consider the affidavit for the order of publication, and the questions urged in that behalf, for whether the affidavit is good or bad the result must be the same.

The judgment of the circuit court is therefore affirmed. All concur except SHERWOOD, J., absent.