GREENSTREET *v.* THORNTON.

Opinion delivered March 23, 1895.

*Collateral attack—Judgment against dead man.*

Where, in a proceeding under Sand. & H. Dig., secs. 5344-6, to collect an assessment for a local improvement, the person named as defendant and owner of the property is dead, a decree based upon a summons and warning order against him is void, and may be collaterally attacked.

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

The appellee, Ada Thornton, a minor, was the owner of a lot in the city of Fort Smith, which was included in an improvement district of said city. An assessment for the benefit of the improvement was made upon said lot, in common with the other lots embraced in the district. The assessment upon said lot was not paid, and in 1890 a suit was brought by the board of said improvement district, in the circuit court for the Fort Smith district, to collect the amount of said assessment. The lot had been assessed by the county assessor as the property of George Thornton, and the board of improvement alleged in their complaint that he was the owner of the lot, and named him as the defendant. At the time this suit was commenced, George Thornton, who was the father of appellee, Ada Thornton, had been dead several years. The board of improvement not knowing this, a summons was issued for said George Thornton, and the sheriff returned that he was not to be found in his county. Afterwards a copy of said summons was affixed to the property, and published as required by the statute in cases where the defendant is not found. Upon such service a decree was rendered condemning the lot to be sold for the assessment, penalty and costs. At the sale under such decree, the appellant, Greenstreet, purchased. The sale was duly confirmed, and, after the expiration of the time for redemption, a deed in due form was executed, conveying said land to him.

This suit was brought by Ada Thornton to set aside such decree and sale, so far as it effects her interest, and to cancel the deed to Greenstreet. The chancellor held that the decree was void, and rendered a decree that Ada Thornton should return to Greenstreet the amount of the assessment paid by him, interest, etc., less rent collected by him, and that the deed be canceled.

*Jos. M. Hill* for appellant.

1. There is no dispute as to the facts. The proceedings were all regular, and the question is purely one of law. Sand. & H. Dig. secs. 5341–5353. The sheriff having returned the summons *non est*, the suit proceeded against the property as a suit *in rem*. 78 Mo. 94 ; 42 Ark. 330 ; 15 *id*. 331. The court had jurisdiction of the *res*. 50 Ark. 188.

2. This is a collateral attack upon the judgment of a court having jurisdiction, and cannot be maintained. 49 Ark. 336 ; *Ib*. 397 ; 55 *id*. 37 ; 50 *id*. 188.

3. Greenstreet was an innocent purchaser under the decree. 49 Ark. 397.

4. No valid defense to the suit is alleged. 50 Ark. 463 ; 49 *id*. 397; Sand. & H. Dig. secs. 4199–4200; 54 Ark. 539.

5. The procedure given by the legislature for these suits is exclusive.

*T. W. M. Boone* for appellee.

1. The statute provides that the owner shall be made a defendant, *if known*, and "*if he is not known, that fact shall be stated in the complaint, and the suit shall proceed * * * in rem, etc.*" Sand & H. Dig. sec. 5344. The statutes are strictly construed. A suit against a dead man is a nullity, and a judgment in such a suit is absolutely void. 1 Black, Judgm. sec. 203; 11 S. W. 613.

2. A judgment does not bind those who are not parties to the suit. 6 S. W. 261 ; 20 Mo. 89 ; 74 *id*. 474 ; 28 S. W. 971 ; 7 Gray, 505.

3. Every requisite of the statute must be complied with. 93 U. S. 282 ; Cooley, Const. Lim. (5 ed.) p. 646. If not, the judgment is void. 1 Black, Judgm., sec. 203.

4. A void judgment can be collaterally attacked. 48 Ark. 151 ; 14 Fed. 603 ; 22 *id*. 805 ; 23 *id*. 21.

5. The court obtained no jurisdiction. 49 Ark. 345; 50 *id.* 188; 49 *id.* 397.

*Jos. M. Hill* in reply.

The statute clearly provides for a proceeding *in rem.* 2 Black, Judg. sec. 792; 1 Herm. Estop. sec. 307; 50 Ark. 188; 22 How. (U. S.) 422; 2 Desty, Tax. p. 746; Rorer, Jud. Sales, sec. 54; 7 Gray, 505.

2. It is true a judgment against a dead person is void (6 S. W. 262), but that doctrine is not applicable here, as the suit was not against George Thornton, but against the property. *Ib.*

3. Infants are not entitled to redeem unless expressly named in the statute. 53 Ark. 421; 51 *id.* 458.

4. This was a collateral attack, and cannot avail. 49 Ark. 411–12; 30 N. E. 882.

RIDDICK, J. (after stating the facts.) The question before us is whether the decree for the sale of the lot of Ada Thornton was of any validity. The proceedings were regular, except that, instead of Ada Thornton, the owner of the lot, being made a party, George Thornton, a dead man, was named as defendant. It is contended by counsel for appellant that this is a proceeding *in rem*, that by virtue of the same the court obtained jurisdiction over the lot in question, and that its decree is not void, and not subject to collateral attack. Mr. Black, in his work on Tax Titles, speaks of suits to collect delinquent taxes as "proceedings *quasi in rem*." (Black, Tax Titles, sec. 167). Judge Smith in *McCarter* v. *Neil*, 50 Ark. 188, says that such proceedings are substantially actions *in rem*. But the fact that an action of this kind partakes of the nature of an action *in rem* does not dispense with the necessity of notice. Cooley, Const. Lim. (6 ed.), 496. Discussing this question, Judge Work, in his book "Courts and Their Jurisdiction" (page 50), says: "The proceedings may be purely against the thing, in

which case it is sometimes said that the proceeding is against all the world, and the notice must necessarily be general. Under such a notice, any and all persons who claim any interest in the property are called upon to assert such claims; and, if they do not, their interests are cut off or made subservient to the decree rendered." A general notice of this kind was required by what is known as the "overdue tax law," and it was of such a notice that Judge Smith was speaking in the case of *Mc-Carter* v. *Neil, supra*, cited by counsel, when he said that in such proceedings "all persons are presumed to be parties." It would not do to suppose that he used this language in reference to any other than those actions in which all parties having or claiming an interest are notified to come forward and defend the same, "for the extent of a decree's effect is measured by the notice." "If the notice is limited to certain persons, made parties to the action, the decree is binding upon the rights of such parties only. Waples, Pro. In Rem, sec. 628; Work, Courts, 50; Cooley, Const. Lim. 496.

There is only one contingency in which a general notice is authorized by the statute in proceedings of this kind, and that is when the owner of the property is unknown. That fact must be alleged in the complaint, and the suit proceeds, so says the statute, "as an action *in rem* against the property." Summons issues against the unknown owner of the particular property, and service is had by affixing a copy of the same to the property and by publication. In such a case the notice is general to the unknown owner, whoever he may be, and if the summons is served in the manner required, all parties must take notice, for it includes all who have an interest in the property. But, as before stated, this general notice is only allowed where the owner of the property is unknown, and that fact alleged in the complaint. Sand. & H. Dig., secs. 5344–6. Where it is not

alleged that the owner is unknown, and the proceedings are against a certain person named as defendant, and alleged to be the owner of the property, then, whether there be actual service upon him, or only constructive service in the manner designated by the statute, it is a notice to him only, and the decree affects only his interest in the land, whatever it may be, and no one else is bound by it.

The defendant named in this proceeding was dead, and the decree based on a summons against him, it matters not how it was posted or published, was of no validity whatever. *Crosley* v. *Hutton*, 98 Mo. 196, 11 S. W. 613; *Williams* v. *Hudson*, 93 Mo. 524, 6 S. W. 261.

The contention of appellant that the decree in question cannot be made the subject of a collateral attack is not well taken, for the decree is void. "A void judgment or decree is a mere nullity, and has no force, either as evidence or by way of estoppel." Black, Judg. sec. 535; Freeman, Judg. sec. 117; *Paul* v. *Willis*, 69 Tex. 261; *Cain* v. *Goda*, 84 Ind. 209; *Chicago, etc. Ry. Co. Summers*, 3 Am. St. Rep. 617; *Sidensparker* v. *Sidensparker*, 83 Am. Dec. 527; *Hahn* v. *Kelly*, 94 Am. Dec. 743.

But we need not discuss that question here, for judgments are only binding on the parties and privies to the litigation. The appellee, Ada Thornton, was not a party to the proceeding to sell this lot, and neither she nor anyone else is bound by this decree, rendered in a proceeding begun and prosecuted against a dead man. We think that the decree of the chancellor was right, and it is affirmed.