WOLF *et al.* v. BROWN *et al.*; PRILL, *Appellant.*

Division Two, February 16, 1898.

1. **Judgment Against Dead Person.** A judgment, recovered against a person who was dead at the time of the commencement of the suit, is void.

2. ———: SHERIFF'S SALE. A sheriff's deed, made pursuant to a sale under an execution issued on a judgment in an action against a person who was dead at its institution, conveys no title to the grantee.

3. **Failure to Record a Copy of a Will:** STATUTE CONSTRUED. Section 8899, Revised Statutes 1889, requiring that "where lands are devised by last will, a copy of such will shall be recorded in the county where the land is situated within six months after probate," is directory, no penalty being attached for a failure to so record.

4. ———: ESTOPPEL.  Plaintiff's husband, under whose will she claims, died testate in 1861 in St. Louis.  The will was recorded in Iowa the same year, the greater amount of property being located there, but not until 1894 in St. Louis.  In 1888, suit was begun by publication and judgment was rendered against testator for taxes and the land sold.  *Held,* that plaintiff is not estopped to assert her title against the grantee of the purchaser at the sheriff's sale because of her failure to have recorded in St. Louis a copy of the will within six months after its probate, as required by section 8899, Revised Statutes 1889.

5. Judgment: ERRONEOUS DECREE FOR POSSESSION OF LAND.  Where suit is brought in equity to set aside a judgment and sheriff's sale of certain vacant lots for taxes and the deeds through which defendants derived title under such judgment and sale, it is erroneous to render a decree for plaintiffs for possession and that a writ of possession be issued against the defendants, the petition failing to state that any of the defendants were in possession at the time of bringing suit.  The proper decree is one setting aside the judgment, sheriff's sale thereunder and the deeds through which defendants acquired title, but not for possession.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED IN PART; REVERSED IN PART.

*J. W. Collins* for appellant.

(1)  By the laws of Missouri it was the duty of respondents to have had the will of Robert G. Stafford recorded in the recorder's office of the city of St. Louis, where the real estate devised to them by his will is situated, within six months after its probate.  The will not being recorded in Missouri until March, 1894, there was no notice of such will or of its provisions to anyone, until that time.  R. S. 1889, secs. 8899, 8900, 8901; R. S. 1879, secs. 3991, 3992, 3993; G. S. 1865, secs. 33, 34, p. 530; R. S. 1855, secs. 34, 35, p. 1572; Laws 1870, p. 166; *Keith v. Keith,* 97 Mo. 230; *Van Syckle v. Beam,* 110 Mo. 590; *Cabanne v. Skinker,* 56 Mo. 357; *Slayton v. Singleton,* 72 Tex. 213.  (2) The law does not presume that a deceased person

left a will. *Slayton v. Singleton*, 72 Tex. 213. (3) The respondents are guilty of gross negligence in failing to record the will of Robert G. Stafford, under which they claim title to the land in suit, until March, 1894. For about thirty-three years they concealed their title, held Thomas Stafford out as the owner of record of the land, and allowed the same to be assessed for taxes, and paid the taxes in his name, as if he were still living. Such conduct, concealment and negligence continued up to the time when, and for years after, Lydia C. Brown, appellant, and defendants acquired title to the land, and respondents are estopped in equity from defeating appellant's title and from setting up against her their title under the will. *Stevens v. Dennett*, 51 N. H. 334; *Blair v. Wait et al.*, 69 N. Y. 116; *Baird v. Ellsworth*, 81 Iowa, 629. (4) The trial court exceeded its jurisdiction in finding and decreeing that respondents recover of defendants possession of the lots in suit, and in ordering the clerk to issue a writ of possession in their favor for putting them in possession of same.

*Alfred A. Paxson* for respondents.

(1) The judgment on the special tax bill in the case of *City v. Stafford*, under which defendants deraign title, was void, having been rendered against Stafford on notice by publication, and he having been dead years before the institution of said suit. *Williams v. Hudson*, 93 Mo. 524; *Graves v. Ewart*, 99 Mo. 13; *Childers v. Schantz*, 120 Mo. 305. (2) There is no penalty attached for a failure to record the will under Revised Statutes 1889, section 8899; and there is no question of "notice" in the case. *Rodney v. McLaughlin*, 97 Mo. 430; *Rodney v. Landau*, 104 Mo. 260. (3) It does not appear that the respondents in any way in-

duced the appellant or her grantors or Lydia C. Brown to buy the property, nor does it appear that respondents had any knowledge of the proposed purchase. "The first element of an estoppel by conduct is that there must have been a false representation or a concealment of material facts." *St. Louis v. Schulenburg & Boeckler Lumber Co.*, 98 Mo. 617; *DeBerry v. Wheeler*, 128 Mo. 89; *Corrigan v. Schmidt*, 126 Mo. 304; *Taaffe v. Kelley*, 110 Mo. 137. (4) There is no estoppel pleaded. The so-called plea of estoppel *in pais* is plainly bad on its face. *Blodgett v. Perry*, 97 Mo. 272. (5) As no title to lands sold at sheriff's sale under a void judgment passes, Lydia C. Brown took nothing by her purchase and of course could transfer nothing to Daniel Prince, who had nothing to transfer to appellant "so that the appellant occupies the attitude of a stranger to the title attempting to invoke against the respondents an equitable estoppel; something which can not be done." *Blodgett v. Perry*, 97 Mo. 275. (6) A court of equity had undoubted jurisdiction of the case as made by the pleadings and evidence, and had full power to decree whatever was necessary or might become necessary to carry out its findings in the premises. 3 Pom. Eq. Jur., sec. 1399, note 4; *Graves v. Ewart*, 99 Mo. 18; *Mason v. Black*, 87 Mo. 346; R. S. 1889, sec. 2226; *Henderson v. Beasley*, 137 Mo. 199.

BURGESS, J.—This is a suit in equity by plaintiffs as devisees of Robert G. Stafford, deceased, *alias* Thomas Stafford, against the defendants to set aside a judgment, and the sheriff's sale of certain lots in the city of St. Louis, for taxes, and deeds through which defendants derived title under said judgment and sale, on the ground that at the time the judgment was rendered under which the lots were sold by the sheriff,

and for many years prior thereto, said Stafford was dead. There was judgment in favor of plaintiffs, from which the defendant Anna Prill alone appeals.

Robert G. Stafford, *alias* Thomas Stafford, bought the lots involved in this litigation from the city of St. Louis in the year 1854, where he then lived. They were then, and have ever since been, uninclosed and unimproved. In 1855 he was married to the plaintiff, Christina Stafford, who had two minor children by a former husband, and who are her co-plaintiffs. They continued to reside in St. Louis for several years and then moved to Jones county, Iowa, where Stafford owned two tracts of land, and while there he made his will in all respects in accordance with the laws of this State. This will was made June 11, 1860. By it he devised the lots in question to the plaintiffs. Soon thereafter he moved with his family back to St. Louis, where he died on January 16, 1861. About three months thereafter his widow and her children moved back to Iowa, where she had the will probated, the larger part of the property owned by the testator and disposed of by the will being in that State. The will was admitted to probate in the city of St. Louis on February 19, 1894.

The title to the land stood on the records of the city of St. Louis in the name of Thomas Stafford in 1861, and remained so until June 28, 1888, when said lots were sold and conveyed by the sheriff of the city of St. Louis to defendant Lydia C. Brown, for $134, under and by virtue of a special writ of execution issued to said sheriff out of the St. Louis circuit court, upon a judgment rendered on a special tax bill in said court, wherein the city of St. Louis was plaintiff and said Thomas Stafford was defendant, and which suit was brought in 1885 by the city of St. Louis against said Stafford, upon a special tax bill of $60.60, issued

for benefits assessed against said lots by commissioners in condemnation proceedings theretofore brought, for the opening of Missouri avenue, on which said lots are situated.   The service of process in the tax suit was by publication.   The judgment in that case was rendered against Thomas Stafford in 1888, twenty-seven years after his death.   Lydia E. Brown, after her purchase of said lots, conveyed lots fifteen and sixteen to one Daniel Prince, who by deed dated May 23, 1890, conveyed them to the defendant, Anna Prill.   Said Brown coveyed lots seventeen and eighteen to the defendants Appelmeyer and Young, by deeds dated respectively December 29, 1890, and January 23, 1891.

It was decided by this court as early as 1854 that a judgment against a person who was dead at the time of the commencement of the suit was void *(Bollinger v. Chouteau,* 20 Mo. 89), and that ruling has been adhered to ever since.   *Williams v. Hudson,* 93 Mo. 524; *Crosley v. Hutton,* 98 Mo. 196; *Graves v. Ewart,* 99 Mo. 13; *Childers v. Schantz,* 120 Mo. 305.   The judgment for taxes under which defendants claim title being void, Lydia C. Brown acquired no title by the sheriff's sale, and of course could pass none to her grantees.

But it is contended that Anna Prill had no notice of the will at the time of her purchase, which should have been recorded within six months after its probate.   It is true that at the time the judgment was rendered and the sale of the land thereafter under said judgment, the statute provided that in all cases where lands were devised by last will, a copy of such will should be recorded in the recorder's office in the county where the land was situated, and if the lands were situated in different counties, then a copy of such will should be recorded in the recorder's office of each county within six months after probate.   R. S. 1879, sec. 3991; R. S. 1889, sec. 8899.   But this section is

simply directory, and does not say what shall be the effect of a failure to record the will in the recorder's office, and how the failure to record could have in any way affected defendants' rights, we are at a loss to perceive. They do not claim title by or through plaintiffs either directly or indirectly, but do claim under a void judgment rendered against the testator. The will, therefore, has nothing whatever to do with any supposed title that defendants may have acquired under that judgment. Under such circumstances it matters not that the will was not recorded in St. Louis, within the six months after its probate as required by statute. *Rodney v. McLaughlin*, 97 Mo. 426.

There is no estoppel sufficiently pleaded by defendant, and even if there was, there was no evidence to support such a plea. It can not be claimed that defendants were or that either of them was misled, or induced to buy the lots by reason of any act, omission or statement of plaintiffs other than the failure to record the will in the recorder's office in the city of St. Louis before the sheriff's sale, and for this the law imposes no penalty, nor were the defendants or any of them misled, or induced to buy the lots on that account. "The first element of an estoppel by conduct is, that there must have been a false representation or concealment of material facts (Bigelow on Estoppel [3 Ed.], 484) and this element is wanting in the present case." *St. Louis v. Schulenburg Lumber Co.*, 98 Mo. 613.

The court not only rendered judgment in favor of plaintiffs setting aside the judgment and sheriff's sale thereunder, as well also as the sheriff's deed to Lydia C. Brown, and all other conveyances of the lots to the defendants, but it ordered and adjudged that plaintiffs recover of defendants Adam Young, Mathias Appelmeyer and Anna Prill possession of the lots in suit, and ordered a writ of possession in favor of plaintiffs

for the possession of the lots.   In rendering judgment
in favor of plaintiffs for the possession of the lots and
in ordering that a writ of possession be issued in favor of
plaintiffs therefor, defendant Prill contends that it ex-
ceeded its jurisdiction, and that the judgment should be
reversed for that reason.   There was no averment in the
petition that any of the defendants were in possession of
the lots at the time of the commencement of this suit,
and in the absence of such allegation there was nothing
upon which to predicate that part of the judgment with
respect to the possession.   The judgment is therefore
in that respect clearly erroneous.

The result is that so much of the judgment and
decree as sets aside the judgment and deeds to the lots
is affirmed, but in so far as the possession of the lots is
adjudged to plaintiffs and a writ of possession ordered
in their favor, it is reversed.

GANTT, P. J., and SHERWOOD, J., concur.