JAMES WARDROBE, APPELLANT, v. JAMES LEONARD ET AL., APPELLEES.

FILED MARCH 7, 1907. No. 14,671.

1. Judgment: COLLATERAL ATTACK. A decree in a foreclosure proceeding entered after the death of the plaintiff, occurring subsequently to the time that the jurisdiction of the court had attached, is an irregularity not open to collateral attack.

2. ———: ———. The failure of the defendant in such proceeding to procure the decree to be vacated within three years after notice of the decree renders the decree unassailable.

3. Mortgages: FORECLOSURE: ACTION TO REDEEM. Where the assignee of record of a decree of foreclosure procures the mortgaged property to be sold on the decree after the death of the plaintiff, and without revivor, the confirmation of the sale cures any irregularity in that respect as against an action to redeem.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*H. M. Sullivan,* for appellant.

*Alpha Morgan* and *Roscoe Pound, contra.*

JACKSON, C.

Fannie A. Turner, assignee of a mortgage on real estate in Custer county, instituted an action for the purpose of foreclosing the mortgage. Personal service was had on the defendants and decree entered by default on the 30th day of November, 1897. The defendants filed a request for, and procured a stay of, order of sale. On January 18, 1904, an assignment of the decree to James Leonard was filed in the office of the clerk of the court. It was executed by the executor of the estate of Fannie A. Turner, deceased. Thereafter Leonard, without revivor proceedings, procured an order of sale to issue on the decree, pursuant to which the land was sold and bid in by him, the sale was confirmed and sheriff's deed issued. The order of confirmation was entered on the 18th day of November, 1904. The amount of Leonard's bid was $60.30 in excess of the decree and costs. That sum he paid into the hands of the sheriff, who, after confirmation, paid the same to the mortgagor as owner of the title. On March 13, 1905, this action was instituted by the mortgagor to be permitted to redeem the property from the decree of foreclosure, on the ground that the procedure after the death of Fannie A. Turner, which it is charged in the petition occurred prior to the decree, was void. The defendant tenders the issue that the plaintiff is estopped from questioning the regularity and validity of the proceedings by reason of his request for a stay of execution and the acceptance of the surplus after the sale and confirmation, and that the proceedings, at most, were voidable only, and not open to collateral attack. The decree was for the defendant, from which the plaintiff appeals.

The date of the death of Fannie A. Turner is not disclosed by the evidence, but for the purpose of the discussion it will be assumed, as charged, that it was prior to the date of the decree. Where the cause of action survives, an action, under our code, does not abate by the death of a party, but the court may allow the action to continue by or against his representative or successor in interest. Code, sec. 45. The legislature has made ample provision for the revivor of actions in such cases, and the suggestion of the death of a party to an action will operate to stay further proceedings until the action is revived in the name of the proper party. A failure to take that course would render the proceedings open to direct attack, but the authorities seem to be quite uniform that in actions which do not abate by the death of a party, and where the action has proceeded to decree without objections after the death of the plaintiff and after the jurisdiction of the court has attached, it is a mere irregularity and the decree is not open to collateral attack.

It is unnecessary, however, to rest our conclusion upon that ground alone. It is provided by our code that the district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made for the death of one of the parties before the judgment in the action. The procedure to vacate a judgment for that reason is by petition, duly verified, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant, and on such petition a summons shall issue and be served as in the commencement of an action. Such proceedings, however, must be instituted within three years after the defendant has notice of the judgment. The remedy having been provided it must be exercised within the time limited by statute, otherwise the judgment becomes as valid and binding as any other judgment. *Gilman v. Donovan,* 53 Ia. 362. Furthermore, the stay of execution which the mortgagor obtained after decree was a waiver of all errors

prior to the obtaining of such stay. *Ecklund v. Willis,* 42 Neb. 737; *Banks v. Hitchcock,* 20 Neb. 315.

It remains, then, to be determined whether the sale on an order issued after assignment of the decree to Leonard, and without revivor, is so far void as to be open to the character of attack here made. In *Vogt v. Daily,* 70 Neb. 812, it was held that, if the plaintiff in an action died after judgment but before satisfaction thereof, no valid execution can be had upon the property of the judgment defendant until the judgment has been revived in the manner provided for in the code. The ruling was put upon the ground that actions should be prosecuted in the name of the real party in interest, and that this party should be a living, breathing entity, a person of legal responsibility. The case of *Seelcy v. Johnson,* 61 Kan. 337, is cited in support of that conclusion. In the opinion in the Kansas case it is said: "A defendant whose property is levied upon under an order of sale or general execution ought to be able to ascertain from an inspection of the record in the case to whom payment of the debt may be made, and when the death of the owner of the judgment occcurs, all proceedings for its enforcement ought to be held in abeyance until some person in being is substituted with whom the debtor may treat regarding the satisfaction of the judgment." In an earlier case, *Harris v. Frank,* 29 Kan. 200, where the reason for the rule did not obtain because of an assignment of record on the margin of the journal of the court where the judgment was recorded, it was held that no revivor was necessary, and that notwithstanding the death of the plaintiff in the proceedings where the judgment was obtained his assignee might proceed by execution as though the plaintiff were still living. In *Vogt v. Daily, supra,* it appears that one Fritz claimed to be the assignee of the judgments upon which execution had issued, but from the language employed in the opinion it is evident that the assignments were not of record, otherwise the reasoning would have failed. In *Street v. Smith,* 75 Neb. 434, we held that,

where the sole plaintiff in an action dies, the effect is to suspend further proceedings until the action has been revived in the name of the legal representative of the deceased. In that case, like the present one, the procedure was for the foreclosure of a mortgage. The plaintiff died after decree, but before sale of the premises. There was no assignment of the decree. The order of sale was issued and the property sold as though the plaintiff were still living. The appeal to this court was from the confirmation of the sale. It was a direct attack, and not decisive of the question here involved, a question that is not free from doubt. We think, however, under the facts and circumstances as they are shown to exist, the sale and confirmation were not void to the extent that they may be assailed by the means employed. We do not determine that the court should not have ordered a revivor, had the death of the plaintiff been suggested before the sale or the confirmation. That question is not involved.

What we do hold is that the sale was not void, and we recommend that the decree of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.