FARMERS & MERCHANTS BANK *v.* LAYSON LUMBER COMPANY.

Opinion delivered November 2, 1908.

IMPROVEMENT DISTRICT—CONCLUSIVENESS OF PROCEEDING TO COLLECT ASSESSMENT.—A proceeding against a certain person to collect an assessment of a local improvement district, under Kirby's Digest, § 5694, is notice to him only, and the decree affects only his interest in the land, and no one else is bound by it.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Norwood & Alley,* for appellant.

1.  The mere fact that the deed from Eubanks to Parker, (if executed), was not on record, and that Parker was not found, did not·authorize the admission of secondary evidence as to its contents.

2.  Eubanks not being found in the county, a notice was posted on the lot, and a summons published in a paper as required by statute. Even if Parker was the owner of the lot, this is good service. This proceeding being substantially an action *in rem,* personal service upon the real owner is not indispensable. *Greenstreet* v. *Thornton,* 60 Ark. 369, should be overruled.  50 Ark. 191; Cooley on Taxation 527; 95 U. S. 714; 18 N. Y. 199; 5 Haywood, 256; 78 Mo. 94; 42 Ark. 330; 49 Ark. 336; 55 Ark. 37.

*Pole McPhetrige* and *Mark P. Olney,* for appellee.

1.  When it was shown that the deed was not on record, and that Parker could not be found in order to take his deposition, then secondary evidence of its execution and contents was admissible.  45 Ark. 81; 7 Pet. (U. S.) 99; 57 Ark. 153; 2 Elliott on Ev., § 1269; 1 *Id.* § 219; 11 Am. & Eng. Enc. of L., 2 Ed., 496.

2.  The statute provides for a proceeding *in rem* only when it is alleged in the complaint that the owner is unknown. Kirby's Dig. § 694. The complaint having named Eubanks as the owner, the proceeding was not *in rem;* and if he could not be found in the county, the statute permitted service to be had by publication and by fixing notice on the lot. *Id.* § 5696.  *Greenstreet* v. *Thornton,* 60 Ark. 369, is decisive of this case. See also 23 Cyc. 1067-68; 5 Ark. 424; 8 Ark. 318; 56 Ark. 419; 51 Ark. 317; 62 Ark. 439.

BATTLE, J.  The Layson Lumber Company brought this suit against the Farmers & Merchants Bank, in the Polk Chancery Court, to set aside a decree under which lot No. 6 in block No. 53 in the city of Mena, in this State, had been sold to pay certain delinquent assessments due to Improvement District No. 1, in

said city, and to cancel a deed executed to the Farmers & Merchants Bank, the purchasers at the sale.

An assessment was made by the city council of Mena upon lot No. 6 in block 53 and the other lots in the district for the purpose of constructing certain public improvements. The assessment due the district for the years 1903 and 1904 not being paid within the time prescribed by law, a suit was brought on the 12th day of October, 1904, by the Board of Improvement of the District against J. D. Eubanks as the owner of lot 6, in the Polk Chancery Court, to enforce the payment of the unpaid assessment. It was not stated in the complaint in the suit that the owner was unknown, but on the contrary Eubanks was named as such. The plaintiff in that suit recovered a decree against the defendant for the unpaid assessments, and the lot was ordered to be sold to pay the same, and a commissioner was appointed to make the sale. The commissioner sold the lot on the 6th day of January, 1906, to E. W. Hutchinson, and the sale was approved and confirmed by court on the 30th day of the same month. On the 10th day of April, 1907, Hutchinson transferred his certificate of purchase to the defendant, Farmers & Merchants Bank, and on the 27th day of May following a deed therefor was duly executed by the commissioner to the defendant, which was approved by the court.

Eubanks did not own the lot, and had no interest in it at the time the suit was brought against him, but had conveyed it to Robert Parker on the 25th day of September, 1903, who conveyed to John Layson on the 7th day of June, 1906, and he conveyed it to a trustee for Layson Lumber Company on the 3d day of July, 1906.

In the trial of this suit it was shown that the deed of Eubanks to Parker was not on record, and it was proved by plaintiff that it did not know where Parker is or was, and that it had made efforts to find him for the purpose of taking his deposition in this case and failed. Upon this proof plaintiff, over the objection of the defendant, was allowed to prove by Eubanks that he conveyed the lot to Parker on the 25th day of September, 1903.

The court set aside the deed of commissioner to the defendant, quieted title to the lot in plaintiff, and decreed that it

pay the amount of assessments upon the lot for the years 1903 and 1904 to the defendant; and it appealed.

The trial court committed no error in admitting the testimony of Eubanks to show that he conveyed the lots to Robert Parker on the 25th day of September, 1903, it having been virtually shown that the deed he executed for the purposes of this suit was lost, it not being recorded and appellee having failed to find Parker after making a reasonable effort to do so. The deed could not be procured, and secondary evidence was admissible to prove its contents. Like a deed lost or destroyed, it is the only evidence which can prove its contents. In such cases it is the best evidence that can be procured, and for that reason is competent.

The decree in the suit against Eubanks did and does not affect Parker and those holding under him or their interest in the lot, they not being parties thereto and the suit not being *in rem*. The statute in such case provides: "The owner of the property assessed shall be made a defendant if known; if he is not known, that fact shall be stated in the complaint," (which was not done in the complaint in the suit against Eubanks), "and the suit shall proceed as a proceeding *in rem* against the property assessed." Kirby's Digest, § 5694. In *Greenstreet* v. *Thornton*, 60 Ark. 369, 373, a suit like this, Mr. Justice RIDDICK, delivering the opinion of the court and discussing this statute, said: "There is only one contingency in which a general notice is authorized by the statute in proceedings of this kind, and that is when the owner of the property is unknown. That fact must be alleged in the complaint, and the suit proceeds, so says the statute, 'as an action *in rem* against the property.' Summons issues against the unknown owner of the particular property, and service is had by affixing a copy of the same to the property and by publication. In such a case the notice is general to the unknown owner, whoever he may be, and, if the summons is served in the manner required, all parties must take notice, for it includes all who have an interest in the property. But, as before stated, this general notice is only allowed where the owner of the property is unknown, and that fact alleged in the complaint. When it is not alleged that the owner is unknown, and the proceedings are against a certain person named as a

defendant, and alleged to be the owner of the property, then, whether there be actual service upon him, or only constructive service in the manner designated by the statute, it is a notice to him only, and the decree affects only his interest in the land, whatever it may be, and no one else is bound by it."

Decree affirmed.