ADLINE POUPORE AND ANOTHER v. STONE-ORDEAN-WELLS
COMPANY AND ANOTHER.[1]

April 28, 1916.

Nos. 19,668—(80).

**Judgment — death of party to proceeding — procedure on appeal.**

On an appeal from the district court in the name of the widow of a
decedent involving her right to a statutory allowance under G. S. 1913,
§ 7243 (R. L. 1905, §3653), the respondents move to remand that they
may apply for leave to reopen the case and show that the widow died
prior to the institution in the probate court of the proceeding for an
allowance. It is *held:*

(1) That a judgment or determination for or against a decedent when
jurisdiction was acquired prior to his death is not void.

(2) That such judgment or determination when the party for or
against whom it is given was dead at the time of the commencement of
the action or proceeding is void.

(3) That upon the suggestion in this court of the death of a party a
hearing of the appeal will not be had without a substitution; that if

[1]Reported in 157 N. W. 648.

the party was dead at the time of the instituion of the proceeding it is proper practice to move to dismiss the appeal, but that the respondents are not entitled to a remand of the case in order that proof may be made in the district court of the death of the party.

(4) That when a widow dies prior to an allowance under G. S. 1913, § 7243 (R. L. 1905, § 3653), the right of selection survives to her personal representative.

From an order of the probate court for St. Louis county in the matter of the estate of Antoine Poupore, deceased, denying her petition for her widow's statutory allowance of personal property of the value of $500, Adline Poupore appealed to the district court for that county. The appeal was heard by Dancer, J., who granted petitioner the sum of $300.45, and denied the motion of Peter E. Poupore and certain creditors of the estate for a new trial. From the order denying the motion for a new trial, Adline Poupore and O. E. Knisley, as administrator of the estate, appealed. Respondent Stone-Ordean-Wells Company, a creditor, moved to remand in order that it might ask the district court for leave to reopen the case and show petitioner died before the petition was filed in probate court. Motion denied.

*J. H. Whitely*, for appellants.
*Courtney & Courtney*, for respondents.

DIBELL, C.

Antoine Poupore died on September 4, 1909. His widow survived. On January 27, 1914, a petition in her name was presented to the probate court of St. Louis county, where the estate of the decedent was probated, praying the setting aside of a statutory allowance of personal property of the value of $500 as provided by G. S. 1913, § 7243 (R. L. 1905, § 3653). Upon an appeal to the district court an allowance of a portion of the $500 was made and the petition was denied in part. An appeal in the name of the widow was taken to this court. The respondents move to remand to the district court, and upon the hearing of the motion it appears that the widow died on December 2, 1913, which was prior to the application made in the probate court in her name. The purpose of the remand is that the respondents may move to reopen the case and show the widow's death.

1. When a court has jurisdiction of the parties and the subject matter and the plaintiff or the defendant dies and after his death the court renders judgment for or against the deceased party such judgment is not void. Hayes v. Shaw, 20 Minn. 355 (405); Stocking v. Hanson. 22 Minn. 542; Note to Kager v. Vickery, 61 Kan. 342, in 49 L.R.A. 153, 78 Am. St. 318; Note to Evans v. Spurgin, 6 Gratt. 107, in 52 Am. Dec. 105; Note to Watt v. Brookover, 35 W. Va. 323, 13 S. E. 1007, in 29 Am. St. 811; Note to Wardrobe v. Leonard, 78 Neb. 531, 111 N. W. 134, in 126 Am. St. 619. "The court having acquired jurisdiction of the parties, possesses the power to proceed to the final disposition of the action; and while the court ought to cease to exercise its jurisdiction over a party at his death, the neglect to do so is an error to be corrected by some proceeding in the action in which the error occurs, and the judgment, though erroneous, is not on that account to be attacked in a collateral action. In other words, the judgment is voidable when properly assailed, but not void." Hayes v. Shaw, 20 Minn. 355 (405). The doctrine stated applies to a determination made upon the petition for a statutory allowance.

2. A judgment for or against a party who is dead at the time suit was commenced is void. Loring v. Folger, 7 Gray, 505; Crosley v. Hutton, 98 Mo. 196, 11 S. W. 613; M. T. Jones Lumber Co. v. Rhoades, 17 Tex. Civ. App. 665, 41 S. W. 102; Greenstreet v. Thornton, 60 Ark. 369, 30 S. W. 347, 27 L.R.A. 735; Weller Mfg. Co. v. Eaton, 81 Mo. App. 657; Winship v. Conner, 42 N. H. 341; Bragg v. Thompson, 19 S. C. 572; 1 Black, Judgments, § 203; 1 Freeman, Judgments, § 153; Note to Wardrobe v. Leonard [78 Neb. 531, 111 N. W. 134], in 126 Am. St. 619; Note to Kager v. Vickery [61 Kan. 342, 59 Pac. 628, 78 Am. St. 318], in 49 L.R.A. 153. And see Auerbach v. Maynard, 26 Minn. 421, 4 N. W. 816, where it was held that when a summons was in process of service but the service was not complete at the time of the defendant's death the action could not be revived against his representative. "That there should, at some time during its progress, be living parties to both sides of an action we think indispensable; and that no sort of jurisdiction can be obtained against one who was dead when suit was commenced against him as a defendant, or in his name as plaintiff; and that no

judicial record can be made which will estop those claiming under him from showing that he died before the action was begun; and that a judgment for or against him must necessarily be void." 1 Freeman, Judgments, § 153. In Watt v. Bookover, 35 W. Va. 323, 13 S. E. 1007, reported with note in 29 Am. St. 811, it was held that where an action was in the name of a plaintiff, dead at the time of its commencement, the defendant's remedy was by plea in abatement. This case does not represent the prevailing view. The general doctrine stated applies to the determination made in the district court upon the appeal of the widow from the probate court. Whether such doctrine applies to proceedings *in rem* or to those in the nature of proceedings *in rem* is not a question here.

3. Upon the suggestion in this court of the death of a party after appeal the statute provides for a substitution. G. S. 1913, §§ 8014, 8015 (R. L. 1905, §§ 4378, 4379). There is no provision for a substitution when a party in whose name an action is brought or against whom it is prosecuted is dead at the time of its commencement. However, this court will not proceed with an appeal when it is shown that a party to it is dead. When a party is dead at the time of suit brought, the opposing party may move to dismiss the proceeding or vacate a judgment or dismiss an appeal. See generally, Elliott v. Bastian, 11 Utah, 452, 40 Pac. 713; Knott v. Taylor, 99 N. C. 511, 6 S. E. 788, 6 Am. St. 547; Lockridge v. Lyon, 68 Ga. 137. The respondents are not entitled to a remand to the district court so that they may move to reopen and show the fact of death. Their remedy is ample. This is not like a case where an appellant asks to remand to renew a motion for a new trial upon the ground of newly discovered evidence. Kroning v. St. Paul City Ry. Co. 96 Minn. 128, 104 N. W. 888.

4. In view of further proceedings it is proper to say that the widow's right to an allowance under the statute cited becomes absolute on the death of the husband. If she dies before the allowance is made the right of selection survives to her personal representative. Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265.

We do not say that upon the appointment of a personal representative of the widow a stipulation might not be made by the parties, if so disposed, that would avoid the expense of a retrial of the matters involved.

The amount in litigation is small and unnecessary expense should be avoided.

The appeal of the administrator involving the disallowance in part of this account is not dependent upon the appeal in the name of the widow.

Motion to remand denied.