## JOSEPH SUPORNICK v. NATIONAL COUNCIL OF KNIGHTS & LADIES OF SECURITY.[1]

December 27, 1918.

No. 21,166.

**Pleading — striking out amended complaint.**

1. It was error to strike out an amended complaint under the circumstances stated in the opinion.

**Order not appealable.**

2. An order granting a motion for judgment on the pleadings is not appealable.

Action in the district court for Ramsey county to set aside a judgment canceling a benefit certificate and to recover $1,000. The facts are stated in the opinion. The case was tried before Haupt, J., who granted defendant's motion to strike from the files plaintiff's amended complaint and for judgment in its favor. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Order striking out amended complaint reversed.

*A. J. Hertz,* for appellant.
*William G. White,* for respondent.

DIBELL, J.

The plaintiff appeals from an order granting the defendant's motion to strike out his amended complaint and for judgment on the pleadings.

1. This action was brought to set aside a judgment canceling a benefit certificate issued by the defendant National Council on July 27, 1908, on the life of one Robinovick, in which the plaintiff was the beneficiary, and to recover on the certificate.

The defendant demurred to the portion of the complaint directed to the setting aside of the judgment, and answered the rest. In its answer it alleged the judgment of cancelation and relied upon it as one of its

[1]Reported in 170 N. W. 507.

defenses. The plaintiff replied and alleged facts claimed to render the judgment invalid.

The court sustained the demurrer to the complaint with leave to the plaintiff to amend. The plaintiff served an amended complaint and this is the complaint stricken out by the order under review, With the demurrer sustained and the amended complaint stricken the issue as to the validity of the judgment is tendered by the reply. · The motion for judgment on the pleadings raised the question whether the judgment was valid against such attack.

The action against Robinovick to cancel the policy was brought by the National Council some time in 1915. It resulted in a judgment on July 6, 1916, in his favor. He died on March 25, 1917.

· After his death motions to amend the judgment were made and a final amended judgment canceling the benefit certificate was entered December 31, 1917. Some of the history of this litigation is preserved in National Council of K. & L. of S. v. Silver, 138 Minn. 330, 164 N. W. 1015, and National Council of K. & L. of S. v. Couplin, 138 Minn. 482, 164 N. W. 1016.

The action brought by the plaintiff recognizes the general doctrine of this and other courts that a judgment entered against a defendant who is dead is not void if jurisdiction was acquired in his lifetime and that it cannot be attacked collaterally. Poupore v. Stone-Ordean-Wells Co. 132 Minn. 409, 157 N. W. 648, and cases cited. His contention is that the action to set aside the judgment of cancelation is a direct attack and that he need not go for relief into the action in which it was rendered.

The amended complaint states some facts additional to those stated in the original and states more explicitly the facts upon which it relies for relief. It alleges that the defendant had full notice of the death of Robinovick, and of the fact that the plaintiff was his beneficiary, and that without notice to him and without his knowledge, and without the substitution of the representative or successor of Robinovick, and without an appearance by the plaintiff, it procured the judgment of cancelation.

It is sought to sustain the order striking out the amended complaint upon the ground that it does not materially differ from the original to

which the demurrer was sustained. It may be conceded that if a party to whose pleading a demurrer is sustained again proposes the same pleading, or one with additions which are clearly immaterial, and thus makes unfair use of the leave to amend, his amended pleading, if the ends of justice are promoted thereby, may be stricken. The legal effect of the amended pleading may not differ from the original. We need not say. A pleader might prudently make the amendment. There was not an abuse of the privilege of amendment.

If there is a tactical advantage to the defendant in having the plaintiff's attack upon the judgment postponed to his reply, instead of being made in an action brought for the purpose, it is one which the court should not further. The plaintiff has the right to put to the court his claim that the judgment, because of want of jurisdiction or for other reason, is not effective as a bar to a recovery, and to choose the method of presenting it.

2. An order granting a motion for judgment on the pleadings is not appealable. County of Renville v. City of Minneapolis, 112 Minn. 487, 128 N. W. 669, and cases cited.

The appeal so far as directed to the order granting the motion on the pleadings is dismissed. So far as the order strikes out the amended complaint it is reversed.

Order striking out amended complaint reversed.