GEORGE JENNINGS, ET AL., PLAINTIFFS IN ERROR, V. RICH-
ARD D. SIMPSON, ET AL., DEFENDANTS IN ERROR.

1. Setting aside verdict or finding. To justify an interference
with the finding of a court or jury, the preponderance of evi-
dence must be clear, obvious and decided, but when the pre-
ponderance is so great as to lead to the conviction that the court
or jury committed a mistake, then it is the duty of the review-
ing court to correct that mistake.

2. Judgment not impeachable collaterally. A judgment rend-
ered against a person—and equally so of one rendered in his
favor—after his death is reversible, if the fact and time of death
appear on the record, or in error *coram nobis* if the fact must be
shown *aliunde;* it is voidable, and not void, and cannot be im-
peached collaterally. *Taple v. Titus,* 41 Penn. State., 195.

3. Receivers. A court of equity possesses the power to make all
necessary orders for the control of receivers, referees and com-
missioners appointed by it, and such power is not limited by
the provisions of sec. 602 *et seq.* of the code.

4. ———: JUDGMENT. In an action wherein G. J. and another
were plaintiffs, T. M. M. was attorney for plaintiffs, and R. D.
S. was receiver. The court made an order finding a certain sum
of money in the receiver's hands, which said order concluded in
the following words: "and the said receiver is directed and or-
dered by the court, with the assent of G. J., to pay to T. M. M.,
one of the counsel for the said J., the sum of ⁑ ⁑ ⁑ It is fur-
ther ordered by the court, that if the said R. D. S. shall fail for
ten days after the rising of the court, to pay said money with in-
terest to said M., that then written notice shall be served on said
R. D. S. and his sureties, and if the said moneys are not paid
within twenty days from the service of said notice, then, and in
that case, said M. may institute a suit at law against the sureties
of the said R. D. S., to recover said moneys with interest;" *held,*
that the only right or interest in, or control over, said money
which said M. derived by virtue of the said order, was in his
capacity as attorney of said plaintiffs, and their right to, and
property in said money remained paramount.

ERROR to the district court for Otoe county. Tried
below before POUND, J.

*S. H. Calhoun,* for plaintiffs in error, cited on author-

ity of Scofield to appear as attorney, *Field v. Gibbs*, 1. Pet., C. C., 155. *Reed v. Pratt*, 2 Hill, 64. *Insurance Co. v. Oakley*, 9 Paige, 496. *Grant v. White*, 6 Cal., 55. *Brown v. Nickolls*, 42 N. Y., 26. Receiver is officer of court and continues until he is discharged. Edwards on Receivers, 4. *Winfield v. Bacon*, 24 Barb., 154. Judgments for or against deceased persons are *not* void on that account. *Collins v. Mitchel*, 5 Flor., 364. *Loring v. Folger*, 7 Gray, 505. *Coleman v. McAnulty*, 16 Mo., 173. *Yaple v. Titus*, 41 Pa. S., 203. *Day v. Hamburg*, 1 Browne, 75. *Gregory v. Haynes*, 21 Cal., 443. *Spalding v. Wathen*, 7 Bush., 659. *Camden v. Robertson*, 2 Scam., 508. *Sloetzell v. Fullerton*, 44 Ill., 108. *Case v. Ribelin*, 1 J. J. M., 30. *Swasey v. Antrim*, 24 Ohio S., 87. *Powell v. Washington*, 15 Ala., 803.

*J. L. Mitchell* and *Frank P. Ireland*, for defendants in error.

The order at April term, 1873, was final and conclusive. *Embury v. Conner*, 3 N. Y., 511. *Voorhees v. The Bank*, 10 Pet., 449. *Noble v. Cope*, 50 Penn. State, 17. *Wood v. Jackson*, 8 Wend., 1. *Young v. Black*, 7 Cranch, 565. *Supervisors v. Briggs*, 2 Denio, 33. *White v. Coatsworth*, 6 N. Y., 113. The jurisdiction of the district court as to the order of April, 1873, had ceased long before the application to modify the same in 1877 was made, and unless that application was made for or on account of one of the grounds or causes set forth in sec. 602 code, the court in that proceeding acted without, and outside of, and beyond its jurisdiction, and such proceeding and the order made therein, is null and void, and may be shown to be so in any collateral or other proceeding in which it is drawn in question. *Gilliland v. Sellers' admr.*, 2 Ohio State, 223. *Morse v. Presby*, 5 Foster, 299. *Eaton v. Badger*, 33 N. H., 228. *Dicks v. Hatch*, 10 Iowa, 380. *State v. Fodick*, 21 La. An., 258.

*Moore v. Ellis,* 18 Mich., 77. *Damp v. Town of Dane,* 29 Wis., 419. As to power of court to render judgment for or against a deceased party, see *Lee v. Gardiner,* 28 Miss., 521. *Norton v. Jamison,* 23 La. Ann., 102. *McCreery v. Everding,* 44 Cal., 286.

COBB, J.

It appears from the record in this case that in December, 1870, there was pending in the district court of Cass county an action wherein George Jennings *et al.* were plaintiffs, and William E. Sheldon *et al.* were defendants, and in which case the defendant in this action, Richard D. Simpson, was appointed receiver by the court. This action is brought upon the receiver's bond, then given by the said Simpson, the other defendants herein being his securities thereon. It further appears that in April, 1873, the said receiver made to the said court a report, upon which report, after disallowing sundry items thereof, the court found that there was then a balance in said receiver's hands of $343.51, which he was ordered to pay over without delay "to T. M. Marquett, one of the counsel for the said Jennings," the said order reciting that the said direction to make such payment to T. M. Marquett was made "with the assent of George Jennings." The said order also recited that the said receiver had commenced sundry actions at law for certain demands growing out of his management of the property in controversy, and in his hands as such receiver, which suits the said receiver was ·directed to prosecute to final determination, keeping a full and accurate account of all expenditures of money in and about the same. That the consideration of all questions for allowance of compensation for services and expenses connected therewith was postponed to the coming in of a special report upon the cases respectively, etc. It further appears that at a term of said district court of Cass county, held in the year·

1877, a motion was brought before said court for the purpose of modifying and correcting the said order so as to include a certain sum of money which it was alleged had been paid to the said receiver and not accounted for by him. That said receiver was not present at said last mentioned term, nor was he personally notified of such proceedings for the reason that he had removed from the state, but that G. B. Scofield was notified thereof as the attorney of the said receiver, and that he being unable to attend procured Geo. S. Smith, an attorney of said court, to attend in his stead, who did appear and took part in said proceedings on behalf of the said receiver, and that thereupon such proceedings were had therein that an order was had and made therein by the said court, requiring the said receiver, within sixty days from the date thereof, to pay into court the sum of eighteen hundred sixty-eight dollars and seventy-two cents. That afterwards, it being discovered that a mistake had been made in the computation of interest, a remititur of one hundred dollars was made from the said amount, leaving the same to stand at $1768.72. The said sum, nor any part thereof, having been paid, this action was brought in the district court of Otoe county by the said George Jennings and the legal representatives of Ann Maria Jennings, deceased, against the said receiver and the other defendants as securities on his bond as such receiver, they, the said securities, being residents of said Otoe county. Said cause was tried to the court, which found the issues for, and rendered judgment in favor of the defendants. The plaintiffs bring the cause to this court on error.

The principal if not the only issue of fact presented by the record is, whether G. B. Scofield was the attorney of said receiver, so that a notice or citation could properly be served on him, so as to bind the said receiver by the proceedings had in the said district court of Cass

36

county in 1877.   On this point there is a conflict of testi-mony.   But a careful examination leads us to the con-clusion that such conflict is rather apparent than real.
To reverse the order of the testimony.   The defendant,
Simpson, in his deposition, testified as follows :   " Yes, I
know G. B. Scofield, he never was my attorney as receiver
in Cass county, Neb.   He never had anything to do with
my receivership in Cass county, Neb.   He never was
with me in Cass county to my recollection, and never
appeared for me in Cass county court with my knowledge
or consent, and never was authorized to appear for me
in any case in Cass county.   I attended the receiver's
business in person.   I made the report and the settle-ment in April, 1873, in person.   In the case above re-ferred to in Otoe county against George Jennings and his
securities, G. B. Scofield was my attorney."   In the re-ceiver's account filed in court in April, 1873, there is an
item of disbursement of $30.00 for "cash paid G. B.
Scofield, services as attorney."

On the other hand G. B. Scofield himself in his deposi-tion testified as follows :

Q.   Who was the attorney of Richard D. Simpson, as
the receiver of Jennings, Sheldon, Bayley and Goode-nough ?

A.   I was his attorney, that is, Simpson's attorney.

Q.   Were you present at the court in Cass county, Ne-braska, when he made any settlement as such receiver ?

A.   I was present at every settlement except the last,
I think.

Q.   You may state the circumstances of Simpson's
settlement as receiver ?

A.   He made several partial settlements from time to
time as ordered by the court.   The final settlement he de-layed making for some time.   Messrs. Calhoun & Croxton,
attorneys for George Jennings, served notice upon me as the
attorney of Richard D. Simpson, as receiver, to have him

make his final report. The motion was heard at the Cass county district court before Hon. S. B. Pound, then judge of said court. The papers of Simpson, as such receiver, with his final statement of account, together with my brief to be used in the argument of the motion for final settlement of Simpson, I sent to Hon. George S. Smith, an attorney of the Cass county bar, requesting him to attend to the case before the court for me, which he did. From some cause, which I do not now remember, I was unable to be present myself, and so got Mr. Smith to attend to the matter for me.

Q. What other attorney, if any, did Richard D. Simpson have or employ for him in connection with his business as receiver?

A. None whatever to my knowledge except myself. I attended to all his business in that respect, both in Cass and Otoe counties, and in all matters where the services of an attorney were required.

S. H. Calhoun, a witness at the trial, testified as follows:

"Some time in 1870 Mr. Croxton and myself, being partners in the law business, brought the suit in Cass county of George and Ann Maria Jennings v. Bayley, Sheldon, Goodenough and others. In that case we made application for a receiver, and a receiver was appointed, Richard D. Simpson, on the giving of a bond in the sum of $20,000, by order of Judge Lake. * * * * Mr. Simpson went out and came into the office again and notified us that he had retained Mr. Scofield."

Q. By the court: Do you know he was the attorney?

A. Yes, sir, I know Mr. Scofield was his attorney in the Cass county matter and all other matters.

Q. By the court. In the matter of receivership?

A. Yes, sir. On the morning of going there, I know he appeared in the court with Scofield and sat with him that day along and pointed out different matters. I

know that this record—a copy of which is attached to a deposition—bears the endorsement of Gilbert B. Scofield. I knew him to be his attorney from the fact that he was constantly consulting him  *  *  *  *  *  *  I know it because Mr. Simpson told me so distinctly, and I know it further from his appearing in the case on the first hearing of the receiver's report, He was present in court. Mr. Scofield and Mr. Simpson sat near together, and Mr. Simpson was constantly prompting him during that proceeding, which lasted nearly all day.

T. J. Stevenson, who was a witness at the trial, testified as follows:

Q. Were you in the Cass county district court during the April term, 1873?

A. I believe I was, I won't be sure, I was there nearly every term.

Q. Are you personally acquainted with R. D. Simpson?

A. Yes.

Q. State who acted as his attorney at that hearing?

A. Mr. Scofield. They were both there.

This court has often held that the verdict of a jury, or the finding of fact by a trial court, will not be reversed by this court on a mere preponderance of evidence, but to justify such reversal this court must find the testimony to be clearly against the finding.

In the case of *Fried v. Remington*, 5 Neb., 525, this court, by the late C. J. Gantt, laid down the rule in the following words: "To justify an interference with the finding of a court, or jury, the preponderance of evidence must be clear, obvious, and decided; but when the preponderance is so great, it is the duty of the reviewing court to correct the mistake." The writer has always understood the syllabus in that case as though it read: "but when the preponderance is so great as to lead to the conviction that the court or jury committed a mistake,.

then it is the duty of the reviewing court to correct that
mistake." And thus understanding the rule, we consider
it clearly applicable to the case at bar.

It seems clear to us that no one reading the testimony,
as above quoted, could, without committing a mistake or
inadvertence, come to the conclusion that G. B. Scofield
was not the attorney of Simpson in the matter of the
receivership in question.

G. B. Scofield being the attorney of Simpson, the latter
having departed from the state, and ceased to be an in-
habitant thereof, notice of the proceedings in the Cass
county district court having been served on the said at-
torney, and he having through his substitute, G. S. Smith,
also an attorney of said court, appeared in said court in
response to said notice, and resisted and participated in
said proceedings, the order of said court of 1877 is not
void, and hence cannot be collaterally attacked, and is
binding upon the district court of Otoe county in the pro-
ceeding under consideration.

The point is made by the defendants in error that the
orders of the district court of Cass county, as well that
of 1873 as that of 1877 are void, for the reason that Ann
Maria Jennings, one of the plaintiffs in the original ac-
tion had deceased prior to the date of the first named
order. While the authorities applicable to this point are
by no means uniform, or free from conflict, yet we con-
sider the weight of authority to be as laid down by the
supreme court of Pennsylvania, in *Yaple v. Titus*, 41 Penn.
State 195, in the following words : " A judgment rendered
against a person (and equally so of one rendered in his
favor) after his death is reversible, if the fact and time
of death appear on the record, or in error *coram nobis,* if
the fact must be shown *aliunde;* it is voidable and not
void, and cannot be impeached collaterally."

As to the point made by defendants in error that the
order of April, 1873, was final and conclusive as to all

transactions of the receiver which were or might have been settled and determined upon the hearing then had, etc., it may be sufficient to say, that neither the account rendered by the receiver at that time, nor the order of the court thereon purport to be final. But on the contrary, by the terms of said order, the said receiver is directed to continue the prosecution of sundry law suits already instituted by him for the recovery of moneys due him as such receiver, to make special reports thereof to the court, etc. It should also be borne in mind that this receiver was acting in a fiduciary capacity towards the parties to the original suit, as well as towards the court, and if in tendering his account of transactions of which he had peculiar and perhaps exclusive means of knowledge, he either through fraud or mistake omitted important items of charges to himself or of credits to the fund for which he was accountable, it was clearly within the power and duty of the court to take the necessary steps for the rectification of such error, and the proceedings for such purpose are not within the provisions of sec. 602 *et seq.* of the code, but depend upon the general powers of a court of equity.

It is obvious from an inspection of the said order of April, 1873, that the money therein mentioned was made payable to T. M. Marquett only in his capacity of attorney for the plaintiffs in the original action, and that the control thereof, nor the property therein, were thereby vested in the said Marquett in any other character or respect than as attorney for the plaintiffs, and for their use and benefit. The finding and judgment of the district court are therefore reversed, and the cause reinstated and remanded to the district court for further proceeding in accordance with law.

REVERSED AND REMANDED.