JOSEPHINE F. STREET ET AL., APPELLEES, V. ELIZABETH M. SMITH ET AL., APPELLANTS.

FILED JANUARY 3, 1906. No. 14,081.

Revivor.   When the sole plaintiff in an action dies, the effect is to suspend further proceedings until the action has been revived in the name of the legal representatives of the deceased.

APPEAL from the district court for Hitchcock county: GEORGE W. NORRIS and ROBERT C. ORR, JUDGES. Reversed.

W. F. Button, for appellants.

W. S. Morlan, contra.

OLDHAM, C.

This is an appeal from the confirmation of a sale in a foreclosure proceeding. The facts involved in the controversy are these: On the 14th of March, 1901, Josephine F. Street, as plaintiff, filed her petition in the district court for Hitchcock county, Nebraska, against Elizabeth M. Smith and others for the foreclosure of a real estate mortgage on certain lands in that county owned by defendant Elizabeth M. Smith. On the 18th day of November, 1901, a decree of foreclosure was rendered as prayed for in the petition. On the 25th of November, 1902, an order of sale was issued, and on the 29th day of December, following, the lands were bid in by plaintiff's attorney for the plaintiff. On the 31st day of March, 1903, this sale

was confirmed and deed ordered.  On the confirmation of
the sale, Charles B. Diehl filed a claim for the surplus,
as purchaser of the equity of redemption of Elizabeth
M. Smith pending the litigation, and the surplus was
ordered to be paid to him, which was done.  On June
20, 1903, the attorney of plaintiff filed an application for
Irving W. Street, in which it was made to appear that the
plaintiff, Josephine F. Street, had departed this life on
May 22, 1902, seven months before the sale and six months
before the order of sale was issued.  It appeared from this
application that Irving W. Street was the husband of the
plaintiff, and that plaintiff had left a will devising all her
property, except a few chattels, to Irving W. Street.  The
application, however, did not show who the executor of
the will was, or that the will had ever been admitted to
probate.  The application prayed for an order vacating
the order confirming the sale entered on March 31, 1903,
and to authorize and direct the sheriff of the county to
deliver to Irving W. Street a deed for the property pur-
suant to the bid of Josephine F. Street, deceased, and in
all things to confirm said sale made as aforesaid in the
name of Irving W. Street.  While this application was
pending, Charles B. Diehl, owner of the equity of redemp-
tion of the lands, filed a motion, asking to have the same
stricken from the docket.  This motion was overruled on
April 11, 1904, and Diehl thereupon filed a showing that
he had accepted part of the surplus in ignorance of the
death of the plaintiff, and paid to the clerk of the dis-
trict court for Hitchcock county the amount so received,
and asked the court to direct it to be paid to the proper
parties, when they were before it.  On the same day he
filed numerous objections to the final confirmation of the
sale, and, among other things, denied the jurisdiction of
the court to enter the decree prayed for by the plaintiff's
attorney.  Objections were also filed to the confirmation
in the name of Elizabeth M. Smith, grantor of Diehl, and
the original defendant in the cause of action.  These ob-
jections were all overruled, and the sale was confirmed in

the name of Irving W. Street on the bid of Josephine F. Street, deceased. To reverse this judgment and order of confirmation, defendants Smith and Diehl have appealed to this court.

It is first urged by appellee that Charles B. Diehl is a mere interloper in the case, and not a party in interest and cannot, for that reason, maintain the appeal. With this contention we cannot agree. The record shows that he was the purchaser of the equity of redemption of the lands in controversy during the pendency of the suit; that he appeared in the case and was permitted to show, without objection, that he was the owner of the equity of redemption, and the surplus was paid to him on that showing. Having purchased the rights of the defendant pending the litigation, he was entitled to appear in the action at each subsequent stage, either in his own name or in the name of his grantor. *Howell v. Alma Milling Co.,* 36 Neb. 84; *Alexander v. Overton,* 52 Neb. 283.

It is next urged by appellee that, as no bill of exceptions was settled in this case, the appeal should be dismissed. This would be true if any testimony admitted could have sustained the judgment of the district court, but on the showing of Irving W. Street himself he was not entitled to the order prayed for. The order of sale of the land, issued after the death of the plaintiff, was a nullity, and the bid of the plaintiff's attorney at such sale for her, as her agent and attorney, was likewise a nullity. On the showing made by Irving W. Street, the only order that the district court could have rendered was an order setting aside the decree of confirmation of the sale, and it should then have revived the action in the name of the legal representative of plaintiff before any other proceedings were had.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in accordance with this opinion.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.