J. H. KEITH, TRUSTEE, ET AL., APPELLEES, V. JOSEPH BRUDER ET AL., APPELLANTS.

FILED OCTOBER 4, 1906.   No. 14,430.

1. Judgment: REVIVOR. The successor of a deceased judgment creditor may, after the expiration of a year, revive an action by a bill or a supplemental petition.

2. Petition examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Lewis C. Chapman,* for appellants.

*R. R. Dickson* and *O. A. Williams, contra.*

OLDHAM, C.

This was an action instituted in the district court for Holt county, Nebraska, in the nature of a bill of revivor of a judgment entered in said court on the 30th day of November, 1891, for the foreclosure of a deed of trust executed and delivered to secure the payment of a promissory note therein described. It appears from the petition filed that all the parties in interest were duly served and in court at the time of the original decree of foreclosure; that thereafter an order of sale was duly issued upon the decree and the sale had, at which the beneficiary, the legal holder of the note, was the purchaser by his attorney; that thereafter the sale was confirmed and deed issued to the executors of the holder of the note, who had departed this life before the sale was had; that thereafter, it being made to appear to the court that the holder of the note, A.

A. Low, who had been a resident of the city of Brooklyn, New York, had departed this life before the sale, the deed and order of confirmation of the sale were set aside, and the action was revived in the name of A. A. Low and Seth Low, the executors and administrators of the estate of the deceased. This order was entered on the 2d day of December, 1896, and a new order of sale was directed, but no sale was had under this order. On the contrary, the executors of the Low estate, under a provision of the will authorizing them to dispose of the personal and real property of the deceased, conveyed by deed the interest of the deceased in the lands in controversy to H. M. Henley, the plaintiff in interest in the present cause of action. Plaintiff filed this deed for record and thereafter, in January, 1903, instituted the present action by an original bill, in which he alleged the above stated facts and prayed the court that he be subrogated to the rights of the original judgment creditor; that the former void deeds be canceled, and that an alias order of sale be issued for the enforcement of the judgment. His prayer for relief was contested by defendants Bruder and wife, the owners of the equity of redemption in the lands, who filed a general demurrer to the petition. The demurrer was overruled, and a judgment was entered granting the relief prayed for in the plaintiff's petition. To reverse this judgment defendants have appealed to this court.

The sole question presented is as to the sufficiency of the petition to support the judgment. The contention seems to be that a judgment can only be revived on motion or on supplemental petition, but not by an original bill. The petition plainly on its face states a meritorious cause of action entitling plaintiff to equitable relief, unless he is foreclosed of such relief by the provisions of the code governing the revivor of actions. While the action was not brought within one year of the time the right accrued, as provided for in sections 456 to 470 of the code, yet the summary method pointed out in these sections of our statute have been held not to prescribe an exclusive method of

revivor. *Hayden v. Huff*, 62 Neb. 375, and cases there cited. On the contrary, it was held in the case just cited that an action for revivor after the expiration of one year might be maintained either by a supplemental petition or by an original bill, as was done in the case at bar.

We are therefore of opinion that plaintiffs' petition is sufficient to sustain the judgment, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.