CHILDS et al. v. FERGUSON.

(Circuit Court of Appeals, Eighth Circuit. September 19, 1910.)

No. 3,323.

*(Syllabus by the Court.)*

1. COURTS (§ 363*)—FEDERAL COURTS—LAWS OF STATE AGAINST PRACTICE OF NATIONAL COURTS.

Where the constitutional laws of a state which govern the descent, alienation, and transfer of real property and constitute rules of property conflict with the practice of the national courts in equity, the former prevail; and where there is no conflict, both are enforced.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 363.*]

2. COURTS (§ 332*)—FEDERAL PRACTICE—ENGLISH CHANCERY PRACTICE.

The practice of the federal courts in equity regarding abatement and revival is regulated by the practice of the High Court of Chancery in England in 1842, when rule 90 in equity was adopted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 332.*]

3. COURTS (§ 343*)—FEDERAL COURTS—DEATH OF DEFENDANT AFTER SUBMISSION AND BEFORE DECREE—REVIVAL.

It was the general rule under the English chancery practice in 1842, as it is now in the federal courts in equity, that the death of a sole defendant, which had the effect to transfer his interest to others, abated the suit, in the absence of a revival, and rendered void all subsequent proceedings to affect that interest.

An exception to that rule was, as it is in the federal courts in equity still, that when the suit had been finally heard and submitted the subsequent death of the defendant wrought no abatement, but the court had plenary jurisdiction to decide the issues and enter a valid decree without a revival.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 915; Dec. Dig. § 343.*]

4. MORTGAGES (§ 526*)—FORECLOSURE DECREE AND SALE WITHOUT REVIVAL—COLLATERAL ATTACK IN NEBRASKA.

It was the settled law of Nebraska, when certain mortgages were made, that an order of sale, a sale, and a confirmation of the sale, made after the death of the party to a suit in equity. subsequent to the decree, were impervious to collateral attack. After the final hearing, decision, and order for decree of foreclosure of mortgages, the sole defendant died, and a decree, sale, and confirmation were made without revival. An application for a writ of assistance against the heirs of the defendant in possession was made.

*Held*, the law of Nebraska became a part of the contract of the parties to the mortgages. The decree, sale, and confirmation were not open to collateral attack, and the writ was rightly issued.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 526.*]

Appeal from the Circuit Court of the United States for the District of Nebraska.

Bill by Smith F. Ferguson, executor of Everard D. Ferguson, deceased, against Susan I. Childs and Harriet M. Childs. Decree for complainant, and defendants appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ellery H. Westerfield, for appellants.

W. J. Connell, for appellee.

Before SANBORN and ADAMS, Circuit Judges, and REED, District Judge.

SANBORN, Circuit Judge. Susan I. Childs and Harriet M. Childs, daughters of Charles Childs, the mortgagor, and the defendant in a suit to foreclose certain mortgages upon real estate which he made, challenge the validity of an order made in that suit, after notice to them and a hearing, for the issue of a writ of assistance to place the administrator of the estate of Everard D. Ferguson, the purchaser at the foreclosure sale, in possession of the homestead, which they occupied with their father before his death and under his title since his decease, on the ground that he died before the decree of foreclosure was filed or entered, and before the sale thereunder was made, and the suit has never been revived.

Charles Childs, the mortgagor, was served with a summons, appeared and answered the bill, proof was made, the case was finally heard, and on October 24, 1902, the court decided it and ordered a decree for the complainant. On January 15, 1903, the decree thus ordered was signed, filed, and entered of record, and it contained an order that it should be "entered and spread on the records nunc pro tunc as of the date this cause was decided and decree for complainant ordered, to wit, October 24, 1902." Meanwhile the defendant Charles Childs had died on January 4, 1903, and counsel for the appellants contend (1) that his death abated the suit and rendered the decree futile; and (2) that it caused the order of sale and all proceedings under it to be absolutely void and open to collateral attack. The questions thus raised arise in a field where both the constitutional laws of a state which govern the descent, alienation, and transfer of land within its borders and constitute rules of real property, and the rules of practice of the federal courts in equity, may apply, and it is a well-established rule that, when such rules of practice in equity conflict with the constitutional laws of the state in force when the contracts regarding the land were made, the latter prevail, because they become a part of the contracts between the parties. Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143; Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 634, 24 L. Ed. 858. But, when there is no conflict between them, the laws of the state and the rules of practice of the courts are alike enforced.

There is no rule of the Supreme Court or of the Circuit Court which specifically answers the question that the appellants present, and rule 90 in equity declares that in such cases the practice of the national courts in equity shall be regulated by the practice of the High Court of Chancery in England in 1842, when that rule was adopted. It was the general rule under the English chancery practice in 1842, as it is now in the federal courts in equity, that the death of a sole defendant, which transferred his interest to others, abated the suit in the absence of a revival, and rendered void all subsequent proceedings to affect that interest. Mitford's Pleadings (6th Am. Ed.) 69; Story's Equity Pleadings, § 354; Foster's Federal Practice (3d Ed.) § 174. There

was, however, an exception to that rule, and there is still in the national courts in equity, to the effect that, when the suit had been finally heard and submitted to the court for decision, the subsequent death of such a defendant wrought no abatement, but the court had plenary jurisdiction to decide the issues and enter a valid decree without a revival. Yeaveley v. Yeaveley (A. D. 1671) 3 Reports in Chancery, 25, 41; Clapham v. Phillips (A. D. 1674) Finch's Cases in Chancery, 169; Sheffield v. Duchess of Buckingham (A. D. 1739) 1 West's Chancery Rep. 673, 676; 2 Equity Cases Abridged (A. D. 1769) 279; Belsham v. Percival, 2 Cooper's Chancery Cases, 176; Turner v. London & S. W. Ry. Co. (A. D. 1874) 17 Law Reports, Equity Cases, 561, 566, 569; Troup v. Troup (A. D. 1867) 16 W. R. 573; Collinson v. Lister, 20 Beav. 355. No statute of Nebraska or decision of any of its courts has been cited or found in conflict with this general rule, or with the exception to it which has been recited, and both must, therefore, be enforced. The case at bar falls under the exception, and the decree of foreclosure was valid, and, since it was not challenged by appeal, it renders the questions determined by it res adjudicata against the appellants.

Their counsel argue, however, that under the practice in chancery in England and under that of the federal courts a revivor is necessary where a sole defendant whose rights are affected by the decree dies and his interests pass to another after the decree and before its execution, and that this is also the rule established by the decisions of the Supreme Court of Nebraska; and they cite Street v. Smith, 75 Neb. 434, 436, 106 N. W. 472, and Keith v. Bruder, 77 Neb. 215, 109 N. W. 172. But these are cases in which the question arose under a direct attack upon the proceedings subsequent to the death. In the case at bar the sale under the decree was made and confirmed without a revivor. No appeal was taken from the order of confirmation of the sale, no motion or petition to avoid it was made, and it is not now directly, but is collaterally, assailed. In McCormick v. Paddock, 20 Neb. 486, 488, 489, 30 N. W. 602, the Supreme Court of that state held that an order of confirmation of a sale under a decree made after the death of a party whose interest in the subject-matter passed to another by her death, and the decree itself, were voidable, but not void, and that they were impervious to collateral attack, although there had been no revivor; and it cited in support of this conclusion its prior decision to a like effect in Jennings v. Simpson, 12 Neb. 558, 565, 11 N. W. 880. In the year 1894, in the case of Harter v. Twohig, 158 U. S. 448, 454, 15 Sup. Ct. 883, 39 L. Ed. 1049, the Supreme Court of the United States cited these cases and declared that this was the settled law in Nebraska. The mortgages foreclosed under the decree in this suit were made between 1890 and 1896, and this, the settled law of Nebraska at that time, became a part of the contracts between the parties under the decisions of the Supreme Court in Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143, and Brine v. Hartford Fire Ins. Co., 96 U. S. 627, 634, 24 L. Ed. 858, and the other cases there cited, and rendered the decree, the sale, and the confirmation impervious to collateral attack.

The decisions in Vogt v. Daily, 70 Neb. 812, 98 N. W. 31, Street v. Smith, 75 Neb. 434, 436, 106 N. W. 472, and Keith v. Bruder, 77 Neb. 215, 109 N. W. 172, upon which the appellants rely, are not controlling here, because they were not rendered until after the mortgages had been made, and hence they could not become a part of the contracts between the parties. Moreover, the decision in the first case was in an action at law and not in a suit in equity, and those in the last two cases, as we have already stated, did not involve collateral attacks upon the proceedings after the death.

Nor is this rule of property unjust or unreasonable. When a mortgagor dies after he has appeared, answered, presented his evidence and arguments, and the court has decided his case and ordered a sale of the mortgaged property to satisfy the liens the mortgages evidence, those who acquire his property by his death take it subject to that decision and to those liens. If the mortgagor conveys his title and interest, it is unnecessary to make his grantee a party to the suit, or to notify him of the decree or the subsequent proceedings to apply the land to the payment of the liens; and why should one to whom the title passes by descent without consideration have greater rights than one to whom it goes by purchase? It is said that the decree in this case provides for a judgment for a deficiency after the sale, and that such a judgment cannot be rendered without notice to the parties to be charged thereby. Conceding, without deciding, that this position may be tenable, and that such a judgment would be beyond the jurisdiction of the court, it does not follow that the sale of the real estate to satisfy the lien upon it, which was adjudicated by the decision of the court, is not within that jurisdiction; and, although decisions upon the latter question are conflicting (Seeley v. Johnson, 61 Kan. 337, 341, 59 Pac. 631, 78 Am. St. Rep. 314; Halsey v. Van Vliet, 27 Kan. 474, 482), there is very respectable authority to the effect that the proceedings for such sales are far within the jurisdiction of the court and are valid (Whiting v. United States Bank, 38 U. S. 6, 12, 13, 14, 15, 10 L. Ed. 33; Harrison v. Simons, 3 Edw. Ch. [N. Y.] 394; Hays v. Thomae, 56 N. Y. 521, 522; Smith v. Joyce, 14 Daly [N. Y.] 73, 75; Wing v. De La Rionda [City Ct. Brook.] 5 N. Y. Supp. 550; Id., 125 N. Y. 678, 680, 25 N. E. 1064).

Because it was the settled law of the state of Nebraska, and a rule of property in that state when the mortgages in suit were made, that sales of mortgaged lands and their confirmations after the death of the mortgagors defendants under decrees ordered against them before their decease were voidable, but were not void, and were not open to collateral attack, the sale of the land here in question and the confirmation thereof were impervious to the assault of the appellants on the application for the writ of assistance, and there was no error in its issue.

The order below is accordingly affirmed.