OMAHA NATIONAL BANK, APPELLEE, V. SMITH F. FERGU-
SON, EXECUTOR, ET AL., APPELLANTS.

FILED DECEMBER 3, 1915.　No. 18357.

Mortgages: FORECLOSURE: SALE: CONFIRMATION: COLLATERAL ATTACK. It
is the settled law of this state that an order of sale, a sale, and a
confirmation of the sale, made after the death of a party to a fore-
closure suit, subsequent to the decree, are impervious to collateral
attack. *Jennings v. Simpson*, 12 Neb. 558, and *McCormick v. Pad-
dock*, 20 Neb. 486, reaffirmed.

APPEAL from the district court for Sarpy county:
HARVEY D. TRAVIS, JUDGE. *Reversed and dismissed.*

*W. J. Connell,* for appellants.

*Ellery H. Westerfield* and *Raymond M. Crossman,*
contra.

FAWCETT, J.

The question involved on this appeal is one of law;
no controverted question of fact being presented by the
record.　The facts, briefly stated, are: On November 3,
1888, Charles Childs executed and delivered to the Omaha
Loan & Trust Company his promissory note for $8,000.
As security therefor he and his wife, Catherine J., exe-
cuted and delivered to the trust company a mortgage deed
covering lands in sections 15, 22 and 23, in township 14,
range 13, in Sarpy county, which note and mortgage were,
on February 23, 1895, duly assigned to Everard D. Fergu-
son.　Thereafter Ferguson brought suit in the district
court for Sarpy county to foreclose such mortgage.　De-
cember 4, 1900, a decree of foreclosure was entered.　Feb-
ruary 26, 1901, plaintiff in this suit obtained a judgment
in the district court for Douglas county against Charles
Childs.　January 4, 1903, Charles Childs died, intestate,
as we infer from the record, leaving as his heirs at law his
children, Harriet M., Susan I., Lowrie and Caroline.　An

appeal, which had been taken from the decree of fore-
closure entered December 4, 1900, was argued and sub-
mitted to this court on December 2, 1902, and on January
21, 1903, the decree of the district court was affirmed.
*Childs v. Ferguson,* 4 Neb. (Unof.) 65. March 17, 1903,
the death of Charles Childs having been suggested, an or-
der was entered in this court recalling the mandate there-
tofore issued. The judgment of affirmance was amended,
and a judgment *nunc pro tunc* as of the date when the
cause was submitted, to wit, December 2, 1902, was duly
entered and mandate issued. June 15, 1903, Ferguson,
plaintiff in the foreclosure suit, obtained an order of sale
directed to the sheriff of Sarpy county. July 20, 1903, the
property was sold by the sheriff to the plaintiff, Everard
D. Ferguson, for $16,600. August 4, 1903, an order of
confirmation of such sale was entered, and thereafter a
deed was duly issued to the purchaser at such sale. No-
tice of the motion to confirm the sale was duly served upon
the attorney of record of the defendants in the foreclosure
suit and upon E. S. Park, administrator of the estate of
Charles Childs, deceased. Susan I. Childs, a daughter
and one of the heirs of Charles Childs, deceased, intervened
and filed written objections to the confirmation of the sale.
So far as this record shows, no other objections were filed.
The objections filed by Susan I. Childs were overruled and
an order of confirmation entered. From this order no
appeal was prosecuted. December 8, 1905, plaintiff in
this suit had execution issued on its judgment in Douglas
county, which execution was returned *nulla bona.* Ever-
ard D. Ferguson died testate September 8, 1906, and de-
fendant Smith F. Ferguson was appointed executor. Jan-
uary 19, 1908, plaintiff obtained in the district court for
Douglas county a final order of revivor, reviving its judg-
ment against the heirs at law of Charles Childs, to wit,
Harriet M., Susan I., Lowrie and Caroline. On or about
April 28, 1908, plaintiff obtained a transcript of its origi-
nal judgment from the clerk of the district court for Doug-
las county, and on April 30, 1908, filed the same with the

clerk of the district court for Sarpy county, and on January 6, 1910, instituted the present suit in Sarpy county. April 12, 1913, an amended petition was filed, upon which, together with the answer thereto and the reply to such answer, the cause was tried. Plaintiff's prayer for relief is that the sale and the order confirming the same and the deed issued pursuant thereto in the foreclosure suit be adjudged to be null and void and vacated; that an accounting be had of the rents and profits and other credits, if any, received by Everard D. Ferguson, or his executor; that the amount due the executor be found and held to be a first lien upon the land, and plaintiff's judgment a second lien thereon; that the lands be sold and the proceeds be applied, first, to the payment of costs; second, to satisfy the lien of the executor; third, to satisfy the plaintiff's judgment; and that the balance be paid to the heirs of Charles Childs, deceased. The district court found for the plaintiff and entered a decree in accordance with the prayer of its petition. Defendants appeal.

The question of law to be determined is: Did the fact that Charles Childs died after the entry of the decree in the foreclosure suit, and that no order of revivor was entered prior to the issuance of the order of sale and proceedings had thereunder, render such proceedings null and void? The district court so held. In so holding the court erred.

Plaintiff cites *Vogt v. Daily,* 70 Neb. 812, *Street v. Smith,* 75 Neb. 434, *Wardrobe v. Leonard,* 78 Neb. 531, and *Seeley v. Johnson,* 61 Kan. 337, to support its contention that, "Where a judgment or decree has been rendered, and thereafter a party to the judgment dies, the judgment or decree is unenforceable by execution or judicial sale without revival as to the representatives of the deceased party to the judgment or decree." *Wardrobe v. Leonard, supra,* is an authority against this contention. In that case *Vogt v. Daily, Street v. Smith* and *Seeley v. Johnson, supra,* are all three considered, and the rule announced:

"A decree in a foreclosure proceeding entered after the death of the plaintiff, occurring subsequently to the time that the jurisdiction of the court had attached, is an irregularity not open to collateral attack." Our holding in *Wardrobe v. Leonard, supra,* is clearly in line with the earlier cases decided in this court and with the construction that has been put upon those decisions by the circuit court of appeals of the eighth circuit, and also by the supreme court of the United States. In *Jennings v. Simpson,* 12 Neb. 558, we held: "A judgment rendered against a person—and equally so of one rendered in his favor—after his death is reversible, if the fact and time of death appear on the record, or in error *coram nobis,* if the fact must be shown *aliunde;* it is voidable, and not void, and cannot be impeached collaterally. *Yaple v. Titus,* 41 Pa. St. 195." In *McCormick v. Paddock,* 20 Neb. 486, *Jennings v. Simpson, supra,* is cited, and the paragraph of syllabus therein which we have above quoted is repeated, and the doctrine adhered to.

After the death of their father, Susan I. and Harriet M. Childs challenged the validity of the order of confirmation in the foreclosure suit, and the executor filed a bill in the United States circuit court for the district of Nebraska for a writ of assistance to place him in possession of the homestead which the two daughters named had occupied with their father before his death, and which they were still holding and claimed the right to continue to hold, on the ground that Charles Childs died before the decree of foreclosure was filed or entered and before the sale thereunder was made, and that the suit had never been revived. The circuit court granted the writ, and the case was taken to the circuit court of appeals for the eighth circuit, where the judgment of the circuit court was affirmed. *Childs v. Ferguson,* 181 Fed. 795. Opinion by Sanborn, circuit judge. In the fourth paragraph of the syllabus it is held: "It was the settled law of Nebraska, when certain mortgages were made, that an order of sale, a sale, and a confirmation of the sale, made after the death

of the party to a suit in equity, subsequent to the decree, were impervious to collateral attack." In the opinion, *Vogt v. Daily, Street v. Smith,* and *Seeley v. Johnson, supra,* are all considered. In the opinion (p. 797) it is said: "In the case at bar the sale under the decree was made and confirmed without a revivor. No appeal was taken from the order of confirmation of the sale, no motion or petition to avoid it was made, and it is not now directly, but is collaterally, assailed. In *McCormick v. Paddock,* 20 Neb. 486, the supreme court of that state held that an order of confirmation of a sale under a decree made after the death of a party whose interest in the subject matter passed to another by her death, and the decree itself, were voidable, but not void, and that they were impervious to collateral attack, although there had been no revivor; and it cited in support of this conclusion its prior decision to a like effect in *Jennings v. Simpson,* 12 Neb. 558. In the year 1894, in the case of *Harter v. Twohig,* 158 U. S. 448, 454, 15 Sup. Ct. Rep. 883, 39 L. Ed. 1049, the supreme court of the United States cited these cases, and declared that this was the settled law in Nebraska." On page 798 it is said: "When a mortgagor dies after he has appeared, answered, presented his evidence and arguments, and the court has decided his case and ordered a sale of the mortgaged property to satisfy the liens the mortgages evidence, those who acquire his property by his death take it subject to that decision and to those liens. If the mortgagor conveys his title and interest, it is unnecessary to make his grantee a party to the suit, or to notify him of the decree or the subsequent proceedings to apply the land to the payment of the liens; and why should one to whom the title passes by descent without consideration have greater rights than one to whom it goes by purchase?" In like manner it may be said: And why should plaintiff who had a claim against the decedent under a judgment in another county, which was in no sense a lien upon the land of the decedent, and did not become a lien upon the land after it had passed to his heirs until nearly five years after the

proceedings complained of had been had in the foreclosure suit, and who for over five years after the death of its judgment debtor failed to file any claim in the probate court of the county where the estate of such debtor was being settled, have greater rights than one to whom the estate might go by purchase? It is entirely clear that, if at any time during the more than five years which elapsed between the death of Charles Childs and the filing of the plaintiff's transcript of its Douglas county judgment in the district court for Sarpy county, the heirs of Mr. Childs had all sold and conveyed their property, plaintiff's transcript, so far as the property in controversy is concerned, would have been of no force and effect. The purchaser from the heirs would have taken a perfect title as against plaintiff's present claim under its judgment. What difference is there between such a situation and this? In the cited case the heirs would have disposed of their entire interest in the estate by deed prior to the filing of the transcript. In this case they had been foreclosed of their entire interest in the estate by the confirmation of the sale under the decree of foreclosure, from which they prosecuted no appeal, and which they have never in any manner attempted to assail by a direct attack. *Harter v. Twohig,* 158 U. S. 448, cited by Judge Sanborn, was an appeal from the circuit court of the United States for the district of Nebraska. That case was a much stronger one than this. In that case the holder of a trust deed placed the deed and the notes secured thereby in the hands of his attorney for foreclosure, and verified a petition drawn for that purpose. The petition was filed seven days later, but one day after the plaintiff in that suit had died. The case proceeded to final decree, sale and deed, without, so far as the record shows, anyone becoming advised of the death of Mr. Harter. A number of years later Twohig learned of the condition of affairs, and proceeded to obtain quitclaim deeds from the original owners of the fee. He then brought suit to have the decree in favor of Harter and the sheriff's deed based thereon set aside and to be allowed to redeem the land. The

circuit court sustained his application. On appeal to the circuit court of appeals the judges were divided, and the case was thereupon certified to the supreme court. The supreme court reversed the cause and remanded it, with directions to dismiss Twohig's bill. On page 454 of the opinion, which is by Mr. Chief Justice Fuller, the court cite *Jennings v. Simpson,* 12 Neb. 558, and *McCormick v. Paddock,* 20 Neb. 486, and state: "It is settled law in Nebraska that a judgment rendered against a person or in his favor is reversible after his death if the fact and time of death appear upon the record, or in error *coram nobis,* if the facts must be shown *aliunde;* the judgment is voidable and not void, and cannot be impeached collaterally." We agree with this construction of our former holdings. This is the settled law in Nebraska. *Street v. Smith, supra,* was a direct attack by appeal in the same case from the order of confirmation of the sale; hence it is not an authority in this case. In *Vogt v. Daily, supra,* the judgments were entered in justice court. No transcripts were ever filed in the district court; the executions being issued by the justice many months after the death of the judgment creditor. The distinction between that case and the one at bar is obvious. In that case no lien on either real or personal property had attached at the time of the death of the judgment creditor. In the case at bar both the mortgage and the decree of foreclosure were liens on the real estate and the decree ordering its sale had been entered before the mortgagor (the defendant in the foreclosure suit) died. The mere statement of the difference in the two cases is sufficient to show that that case is not an authority in this.

The judgment of the district court is therefore reversed, and the suit dismissed at plaintiff's costs.

REVERSED AND DISMISSED.

LETTON, J., not sitting.