MARIE VYBIRAL, APPELLEE, V. ROBERT SCHILDHAUER, APPEL-
LANT: GRACE SCHILDHAUER ET AL., APPELLEES.

12 N. W. 2d 660

FILED JANUARY 14, 1944. No. 31650.

*Charles A. Fisher*, for appellant.

*Edwin D. Crites, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL
and WENKE, JJ., and POLK and NUSS, District Judges.

PAINE, J.

This is an appeal by one of the defendants from a decree
and order confirming a foreclosure sale. A very brief state-
ment of the facts will be helpful before the law points in-
volved are discussed.

Plaintiff filed a petition for foreclosure on January 2,
1933, on note and mortgage for $8,500, dated March 13,
1926. The answer and cross-petition presented an issue as
to damages growing out of an allegation in the petition that
defendants were committing waste by removing growing

timber from the ranch. This issue was tried to a jury, which found against the defendants.

Decree of foreclosure was entered March 29, 1934, finding the amount due plaintiff $10,596.48, with 10 per cent interest and costs, which added to the principal made the amount due at the time of the last trial in the district court on March 16, 1943, about $20,309.82. After decree a regular stay had been taken and order of sale issued January 7, 1935. Sheriff's return reported that sale was held February 12, 1935, and the property bid in by the plaintiff for $8,500.

On April 3, 1935, the first stay under the moratorium was entered. An appeal was taken to this court by the defendant, and in *Vybiral v. Schildhauer*, 130 Neb. 433, 265 N. W. 241, the decree of foreclosure and dismissal of the cross-petition was affirmed. Judgment on mandate was entered June 3, 1936.

On March 15, 1937, an extension of the moratorium stay was entered. Thereafter the defendant filed a petition in the federal court for relief under the Frazier-Lemke act, and the prayer was granted. Thereafter the defendant filed an amended petition under the Frazier-Lemke act, and on this decree he was adjudged a bankrupt.

Plaintiff's exhibit No. 3 is the report of the trustee in bankruptcy, setting out the report of the three appraisers, who were appointed June 23, 1942, and who certified that the land of defendant herein consists of 1,160 acres, 122 acres of farm land appraised at $10 an acre, 1,038 acres of pasture land appraised at $5 an acre, and one set of improvements appraised at $1,000, making a total appraisement of land and improvements of $7,410. Said trustee's report then describes the amount of plaintiff's foreclosure decree and another lien on said property, and prays that he be authorized to disclaim title and abandon said property.

The three-year moratorium entered by the federal court having expired, upon application of the plaintiff an order was duly entered by Honorable John W. Delehant, judge of the United States district court, district of Nebraska, Chad-

ron division, directing that the trustee in bankruptcy, William H. Hein, be directed to disclaim title to and abandon all of the real property of the defendant as a farm debtor, and that a copy of the order be transmitted to the clerk of the district court in and for Sheridan county, Nebraska, where foreclosure suit is pending, and that further proceedings be had in that court to all intents and purposes as might be done had not the present proceeding in this court been filed herein, and that any stay resulting from the filing and pendency of these proceedings be and the same is hereby vacated.

Thereupon, in the lower court on March 16, 1943, an oral motion was made to confirm the sale, objections made thereto, and trial had.

The bill of exceptions consists of two pages of stipulations of all the facts relating to the foreclosure action, then appear many exhibits of the copies of proceedings in the federal court, then stipulation that plaintiff died August 13, 1938, and a copy of the will is made an exhibit. It was conceded that the files here produced are the original files of the county court of Sheridan county, Nebraska, in which the will was probated; that a decree of final account and distribution was entered in the estate of the plaintiff on March 27, 1939, and said decree provides that the interest of the plaintiff, Marie Vybiral, in said land, shown in said foreclosure decree, and her bid at said sheriff's sale, be and the same are hereby assigned to her daughters, Mary Kadlecek, Agnes Kutschara, Emma Valdyka and Anna Jirek, as tenants in common, share and share alike.

After the hearing in the lower court, an order of confirmation was entered, finding that plaintiff did bequeath all her property, right, and interest in and to the premises foreclosed to the four devisees named, and all such interest was, by decree of the county court, assigned and confirmed in them, and that they are now the owners thereof, and that the sheriff's deed should be executed and delivered to them as successors in interest of the said Marie Vybiral, plaintiff. The court further finds that the sale was made in con-

formity to law, and that the property sold for a fair value, and that a subsequent sale would not realize a greater amount; that the amount of valid liens against the land far exceeds the fair market value thereof, and that the objections to confirmation are not well taken, and should be overruled and denied, and that a resale would not result in a higher bid. The court thereupon directed the present sheriff to make a deed to the said four devisees named in the will, and that a writ of assistance be allowed to put them in possession.

Three errors are relied upon for reversal by the defendant: (1) That the trial court erred in holding that the state court had jurisdiction, when the matter was yet pending and undetermined in the United States district court; (2) that the trial court erred in confirming the sale and finding that the land sold for its fair value, although the sale had been had on February 12, 1935, and that a new sale would not bring a greater price; (3) that the trial court erred in confirming the sale without the action having been revived in the name of the personal representative of the deceased plaintiff, or in her heirs, no revivor having been had in the name of any person.

Taking these up in order, we will consider the first assignment of error, that the trial court erred in holding that it had jurisdiction when the matter was yet pending in the federal court. It appears in defendant's exhibit No. 3 that there was the sum of $463.86 on deposit, which was made up of moneys paid in to the state court as rentals of the land, under orders granting the moratorium stay, and which sum was transmitted by the clerk of the state court to the clerk of the federal court. Against this sum attorney Fisher filed an attorney's lien, and endeavored to establish the same in the federal court, but on September 17, 1942, the United States district judge denied the lien, and no appeal was taken therefrom.

The record shows that the title to the land of the bankrupt and possession thereof was, after appraisement had been made, rejected by the trustee, which rejection was confirmed by the federal court.

It has been held in many cases cited in the notes to *In re Frazin*, 183 Fed. 28, 105 C. C. A. 320, 33 L. R. A. n. s. 745, that the vesting of the title to real estate in the trustee in bankruptcy is dependent upon the acceptance thereof by the trustee, notwithstanding that the Bankruptcy Act states that the trustee shall upon his appointment be vested with the title of the bankrupt as of the date he was adjudged a bankrupt. These decisions show that there is an absolute right in the trustee to accept or reject such real estate as he should find after examination would be most beneficial to the creditors, and he is allowed to take a reasonable time to ascertain the facts and report his findings and judgment for confirmation by the United States court, which was done in the instant case.

The trustee in bankruptcy having abandoned the land under foreclosure, the federal court directed its clerk to notify the state court that it was at liberty to proceed in the foreclosure action, therefore the trial court did not err in proceeding with the case at bar, even though certain minor details in the bankruptcy case against defendant were still pending in the federal court, because this land and any interest of the bankrupt therein was absolutely released from the federal court jurisdiction, and jurisdiction legally attached in the state court.

Having reached the conclusion that the state court had entire jurisdiction to proceed with the foreclosure proceedings again pending on its docket, we are first met with the objections to confirmation, filed by defendant on March 15, 1943, the first paragraph thereof reading as follows: "That the plaintiff herein Marie Vybril died on the 13th day of August, 1938, and this action has never been revived in the name of her executor, or personal representative or the heirs of Marie Vybril. That no order of revivor of any kind has been had in this cause."

It was thus brought to the attention of the court that the sole plaintiff had died and no revivor had been had. Did the court err on March 18, 1943, in overruling these objections and confirming the sale?

At the hearing on confirmation the original files of the county court for Sheridan county, Nebraska, were introduced, showing that the will of the plaintiff had been probated, and that a final decree of account and distribution had been entered in plaintiff's estate on March 27, 1939, and said decree provided that all of the interest of the plaintiff in said land, as shown in the decree of foreclosure secured by the plaintiff and in her bid at the sheriff's sale, was assigned to her four daughters as tenants in common, share and share alike; therefore, this decree of final account and distribution having been entered long before the hearing on the confirmation, it was provided under section 20-1410, Comp. St. 1929, that revivor could be had in the name of four devisees to whom all interest in this property had been passed by the will of the plaintiff.

In *Vogt v. Daily*, 70 Neb. 812, 98 N. W. 31, involving issuance of an execution after the plaintiff had died, and requiring that the action should be revived, it was said: " * * * actions * * * should be prosecuted in the name of the real party in interest, and that this party should be a living, breathing entity, a person of legal responsibility."

A Nebraska statute reads in part as follows: "In the case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action." Comp. St. 1929, sec. 20-322.

It was held in the case of *Cutler v. Meeker*, 71 Neb. 732, 99 N. W. 514, that "The interest of a vendee in possession of real estate under a contract of sale, part of the purchase price of the land having been paid, at his death, descends to his heirs, and does not pass to his administrator. It is alienable, descendible and devisable in like manner as if it were real estate held by a legal title."

In *Urlau v. Ruhe*, 63 Neb. 883, 89 N. W. 427, it is said: "When a party to an appellate proceeding dies, and his in-

terest in the litigation passes to his heirs, the heirs are necessary parties to the proceeding."

"* * * an equitable right to have a conveyance of land in fee, an equity of redemption, goes to the heir as land held in fee, though the statute of descents may only speak of land of which the decedent died seized." 1 Dembitz, Land Titles, sec. 28.

There are a few cases which indicate that a revivor is not necessary. In *Van Camp v. Weber*, 27 So. Dak. 276, 130 N. W. 591, Silas Newton was the assignee of a mortgage given by one French. The mortgage was foreclosed, and Newton became the owner of the certificate of sale, and then died. No redemption of the property was made by the mortgagor. Newton had not conveyed the certificate of sale prior to his death, and while he had been entitled to a sheriff's deed, no deed had been issued.

By the last will and testament of Newton, all of his property was devised to Elizabeth Ann White and Nelson Tracy White in equal shares, and these devisees conveyed the land by warranty deed to Herbert N. Gifford, who conveyed the same by special warranty deed to Andrew N. Van Camp, the plaintiff. The sheriff then in office as successor delivered a deed to the plaintiff, Van Camp. It was held that Van Camp was the owner of the legal title to the premises in dispute. However, it is shown in this opinion that section 648 of the Code of Civil Procedure of South Dakota provides that, if the mortgaged premises are not redeemed, it is the duty of the sheriff or his successor to complete the sale by executing a deed to the original purchaser, his heirs or assigns, or to any person who may have acquired the title and interest therein. No such special statute is found in Nebraska. See *Cronkhite v. Buchanan*, 59 Kan. 541, 53 Pac. 863, 68 Am. St. Rep. 379.

From an examination of these and many other cases, it appears to be the considered law of Nebraska that, when the sole plaintiff, who is the successful bidder at the foreclosure sale, has died, and this matter is properly brought to the attention of the court before confirmation, no further

proceedings can then be had, if objection be made, until the action has been revived in the name of the proper parties. See *Street v. Smith*, 75 Neb. 434, 106 N. W. 472.

In *Keefe v. Grace*, 142 Neb. 330, 6 N. W. 2d 59, the various methods of revivor are set out, and sections 20-1406, 20-1407 and 20-1408, Comp. St. 1929, are discussed. In the case at bar, more than one year having expired from the death of the plaintiff, it will require compliance with the section of the statute relating thereto.

On the other hand, we find that in *Childs v. Ferguson*, 181 Fed. 795, Sanborn, circuit judge, reviewed many early Nebraska cases relating to the death of a party in an equity case, and said: "In the case at bar the sale under the decree was made and confirmed without a revivor. No appeal was taken from the order of confirmation of the sale, no motion or petition to avoid it was made, and it is not now directly, but is collaterally, assailed." "It was the settled law of Nebraska, when certain mortgages were made, that an order of sale, a sale, and a confirmation of the sale, made after the death of the party to a suit in equity, subsequent to the decree, were impervious to collateral attack." See *Omaha Nat. Bank v. Ferguson*, 99 Neb. 131, 155 N. W. 220.

We therefore hold that the trial court had jurisdiction of the case at bar, and that no defect has been pointed out in the sheriff's sale, wherein the plaintiff was the successful bidder, several years prior to her death, but that it was prejudicial error for the trial court to overrule proper objections and to enter the order of confirmation when the action had not been revived in the name of the proper plaintiffs.

REVERSED.