DOROTHY WENDT, IN HER OWN RIGHT AND AS THE NEXT FRIEND OF THE FOLLOWING NAMED MINORS: MARGIE WENDT ET AL, APPELLANTS, V. IMA ELMING JONES ET AL., APPELLEES.

17 N. W. 2d 887

FILED FEBRUARY 23, 1945. No. 31868.

*A. R. Oleson,* for appellants.

*H. E. Siman, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and CHAPPELL, JJ.

CHAPPELL, J.

Plaintiff, in her own right and as next friend of certain minors, brought this action to quiet title to farm lands in Wayne county, Nebraska, and for an accounting of rents. The facts are simple and not disputed. Mortgagee of the lands filed foreclosure proceedings and obtained a decree of foreclosure during the lifetime of the mortgagor. Stay was taken, moratorium obtained, and an application for relief under the Frazier-Lemke Act was filed in the Federal court but ultimately dismissed. The mortgagor died after decree of foreclosure but before order of sale, sale, or confirmation thereof. Application was duly made after the mortgagor's death to reinstate the case in the district court and revive the same in the name of the surviving heirs of the mortgagor. The plaintiffs, who were all minors at that time, were surviving children of the mortgagor. An order of reinstatement and revivor was entered and upon application a guardian *ad litem* was appointed for the minors, who entered his appearance as such and pleaded for them. However, no notice of the proceedings to revive was ever per-

sonally served upon the minors. Nevertheless order of sale was entered, sale had to the mortgagee, and judicial confirmation obtained. Thereafter the sheriff issued a deed to the mortgagee, who transferred the land to defendants Louis Krei and Edna Mae Krei.

No direct attack was ever made to avoid the order of sale, sale, or confirmation, for want of revivor, nor was an appeal taken therefrom. Such proceedings, without perfected revivor, and the sheriff's deed resulting, together with the transfer above set forth, are now attacked collaterally in this proceeding, which the trial court, after a hearing, dismissed and ordered distribution of the moratorium rents and funds still remaining. The defendant mortgagee was never served with summons and, upon motion of plaintiff, was dismissed from the case by the trial court. The only question presented to the trial court, and to this court upon appeal, is whether the failure to serve notice of revivor upon the minors, after decree of foreclosure had been entered in the case before the death of the mortgagor, made the order of sale, sale, confirmation, and deeds resulting therefrom void and subject to attack in this collateral proceeding, or whether such proceedings were merely voidable and not subject to collateral attack. This court has heretofore decided that such proceedings are voidable only and cannot be impeached collaterally.

The facts in *Omaha Nat. Bank v. Ferguson*, 99 Neb. 131, 155 N. W. 220, were similar in many respects to the case at bar. In that opinion the court stated: "The question of law to be determined is: Did the fact that Charles Childs died after the entry of the decree in the foreclosure suit, and that no order of revivor was entered prior to the issuance of the order of sale and proceedings had thereunder, render such proceedings null and void?" In answer to the question proposed it was found that the proceedings were voidable and not void, consequently the court held that, "It is the settled law of this state that an order of sale, a sale, and a confirmation of the sale, made after the death of a party to a foreclosure suit, subsequent to the decree, are

impervious to collateral attack. *Jennings v. Simpson,* 12 Neb. 558, and *McCormick v. Paddock,* 20 Neb. 486, reaffirmed." In the opinion the court distinguished *Vogt v. Daily,* 70 Neb. 812, 98 N. W. 31, and *Street v. Smith,* 75 Neb. 434, 106 N. W. 472, but adhered to the rule announced in *Wardrobe v. Leonard,* 78 Neb. 531, 111 N. W. 134.

The same question was discussed at length in *Childs v. Ferguson,* 8 Cir., 181 Fed. 795, a Nebraska case similar in many respects to the one at bar. Several cases from this jurisdiction and others are discussed at length in the opinion. The case is followed and quoted from with approval in *Omaha Nat. Bank v. Ferguson, supra.* The syllabus in the latter case, as above quoted, was taken almost verbatim from the opinion in the *Childs* case.

In a recent opinion of this court, *Vybiral v. Schildhauer,* 144 Neb. 114, 12 N. W. 2d 660, we also discussed the question again. In that case the plaintiff died after decree but before confirmation and there was no revivor. However, direct attack for that reason was made upon the proceedings by objections to confirmation in the district court and by appeal to this court, as distinguished from collateral attack. Therein we found that it was error for the trial court to overrule such a proper objection and enter an order of confirmation when the action had not been revived in the name of a proper plaintiff. On the other hand, the opinion cites with approval *Omaha Nat. Bank v. Ferguson, supra,* and quotes with approval from *Childs v. Ferguson, supra,* in observing that the applicable law would be otherwise had the attack been made by collateral proceedings as in the case at bar.

Plaintiff has not cited any authority holding that a different rule would apply if there are minor heirs surviving the mortgagor. As a matter of fact, *Whiting v. Bank of the United States,* 13 Pet. 6, 10 L. Ed. 33, an opinion by Mr. Justice Story, holds otherwise. Authorities relied upon by plaintiff are cases in which the trial court had no jurisdiction to enter the original judgment against minors who were indispensable parties to the pending action. No such

question is presented here. The trial court having jurisdiction to do so entered its valid and enforceable decree of foreclosure before the death of the mortgagor. In this connection it was said in *Childs v. Ferguson, supra*: "When a mortgagor dies after he has appeared, answered, presented his evidence and arguments, and the court has decided his case and ordered a sale of the mortgaged property to satisfy the liens the mortgages evidence, those who acquire his property by his death take it subject to that decision and to those liens." The court then held in effect that the power of the court to sell the real estate to satisfy the lien upon it, which was finally adjudicated on the merits by the decision of the court, was within its jurisdiction and if that power is exercised without any revivor against the heirs or representatives of the deceased mortgagor the sale and confirmation thereof are voidable only and not subject to collateral attack. See, also, 42 C. J., sec. 1863, p. 225; 37 Am. Jur., sec. 792, p. 193; *Whiting v. Bank of the United States, supra.*

We conclude for the reasons heretofore stated that the judgment of the trial court was correct, and it is affirmed.

AFFIRMED.